## NORTHCUTT ET UX. *v.* BUCKLES ET AL.

PRACTICE.—*Special Finding.*—A special finding of the facts in a cause, not made at the request of either party, amounts only to a general finding.

NEW TRIAL.—*Motion for.—Waiver.—Time of Filing.*—Where, at a term subsequent to the one at which a trial is had, the parties appear, and, without objection by the opposite party, leave is granted the other party to file a motion for a new trial, the former thereby waives the requirements of section 354 of the practice act.

SAME.—*Appeal.—Judgment.—Supreme Court.*—Where no judgment has been rendered by the court on its finding in a cause, no appeal lies to the Supreme Court.

From the Wells Circuit Court.

*A. N. Martin,* for appellants.

*R. S. Taylor, S. L. Morris* and *N. Burwell,* for appellees.

HOWK, J.—This was an action by the appellants, as plaintiffs, against the appellees, as defendants, in the court below, for the partition of certain real estate in Wells county, Indiana.

The complaint was in the usual form in such cases, and it was alleged therein, in substance, that one James Buckles had died, intestate, seized of said real estate in fee-simple, leaving the appellee Sarah E. Buckles, his widow, and the appellees Julia A. Beaver, Lewis D. Buckles and Simeon Buckles, and the appellant Sarah E. Northcutt, his children, as his only heirs at law; that said Lewis D. Buckles and Julia A. Beaver had each received from said James Buckles, deceased, in his lifetime, by way of advancement, the sum of one thousand dollars, wherewith they ought to be charged in this partition, as the appellants alleged; that the widow of said decedent was the owner of the undivided one-third part, and that each of his said children was the owner of an undivided one-sixth part, of said real estate, as tenants in common; and that said real estate could not be divided between the said parties, without injury to the owners thereof. Wherefore, etc.

At the April term, 1874, of the court below, the appellees made default; and the cause having been submitted to the court for trial, there was a finding made, that the material allegations of the complaint were true; that the interests of the parties in said real estate were correctly stated in said complaint; that advancements had been made, as alleged, to said Lewis D. Buckles and Julia A. Beaver, of one thousand dollars each, which should be considered in such partition; and that said real estate could not be divided without injury to the owners. Upon this finding, judgment of partition was rendered for the sale of said real estate, and a commissioner was appointed and qualified to make such sale, in the mode and upon the terms prescribed by the court, and the cause was continued for the report of sale, and for further proceedings.

Afterward, at the same term of the court below, upon the application of the appellees Lewis D. Buckles and Julia A. Beaver, the default as to them, and so much of the finding and judgment against them, in this action, as charged them with advancements of one thousand dollars each, were set aside by the court below; and the said appellees were allowed to appear and answer in this action, and the cause was continued.

At the September term, 1874, of the court below, the appellees Lewis D. Buckles and Julia A. Beaver jointly answered the appellants' complaint, in two paragraphs, as follows:

1. A general denial; and,

2. The said appellees admitted the facts stated in the complaint, as to the advancements of one thousand dollars to each of them, but they said, that, before the commencement of this action, the said advancements were fully and completely settled, in the division of other property belonging to the estate of the ancestor, in the State of Ohio.

To the second paragraph of this answer the appellants

replied by a general denial. The issues thus joined were tried by the court without a jury, and the court made what is called in the record, a "special finding." But as this "special finding" was not made at the request of either or any of the parties, we can only consider it as a general finding for the appellees Lewis D. Buckles and Julia A. Beaver, on the issue joined on the second paragraph of their joint answer. 2 R. S. 1876, p. 174, sec. 341; *Weston* v. *Johnson*, 48 Ind. 1; *Shane* v. *Lowry*, 48 Ind. 205; and *The Grover and Baker Sewing Machine Co.* v. *Barnes,* 49 Ind. 136.

At the same term of the court below, upon written causes then filed, the appellants moved the court for a new trial, which motion was then overruled, and the appellants excepted to this decision. And the cause was then continued, and no order or judgment was then made or rendered by the court below, upon its aforesaid finding.

At the November term, 1874, of the court below, the parties appeared by their attorneys, and the appellants, "by leave of the court, file additional causes for a new trial."

Under section 354 of the practice act, these additional reasons for a new trial, not having been filed at the term at which the finding was made, could not have been considered, either by the court below or by this court, if they had been objected and excepted to at the time, by the appellees. 2 R. S. 1876, p. 183. In the case of *Wilson* v. *Vance*, 55 Ind. 394, this section of the code was very carefully considered, and the conclusion was reached, that, although the section was imperative in its language, yet that parties might waive their rights thereunder, as they may waive any other legal right. And it was said, that, where parties are present, and neither object nor except to the filing of a motion for a new trial after the term, they "should perhaps be deemed to consent, because they do not object, thereto." We approve of the doctrine of the case cited, as applicable to the case at bar.

In this case, the record fails to show, that the appellees

either objected or excepted to the filing of the additional reasons for a new trial, and therefore we conclude that they consented thereto.   This additional motion was also overruled by the court below, and to this decision the appellants excepted.

Appellants' bill of exceptions seems to have been filed within the time limited by the court, and is properly in the record.

It does not appear from the record of this cause, that any order or judgment whatever was ever made or rendered by the court below, on the finding of the court on the issues joined on the second paragraph of said appellees' answer.   Under section 550 of the practice act, appeals may be taken to this court, "from all final judgments" of the circuit courts, except as therein excepted. 2 R. S. 1876, p. 238.   But the difficulty in this case is, that there was no final or other judgment or order made or rendered by the court below, on its so-called "special finding" in this action.   This finding differed, widely and materially, from the finding first made by the court on default, and this latter finding and the judgment thereon were both set aside by the court.   And thereafter no judgment was rendered by the court below, on its subsequent finding, from which an appeal might be taken to this court.

Our conclusion is, that the appeal in this case was improvidently taken, and without any authority of law therefor; and therefore it is now ordered, that this appeal be dismissed, at the costs of the appellants.

Opinion filed at May term, 1877.

Petition for a rehearing overruled at May term, 1878.