RONALD KAY ROBISON *v.* STATE OF INDIANA.

[No. 3-1275A292. Filed February 16, 1977.]

Timothy J. Conner, of Fort Wayne, for appellant.

Theodore L. Sendak, Attorney General, Charles W. Vincent, Deputy Attorney General, for appellee.

GARRARD, J.—The appellant was charged with theft and was tried by the court. At the conclusion of the trial the court made the following entry,

"Finding of guilty as charged and judgment is now by the court withheld."

We are aware of the practice of some trial courts in utilizing this form of entry in certain cases. However, it is not authorized by statute or rule. See, e.g., Indiana Rules of Procedure, Criminal Rule 11; IC 1971, 35-8-1 (A)-1, 2.

A defendant may, if he chooses, compel the court to discharge its duty to promptly pronounce judgment and sentence. Taylor v. State (1976), 171 Ind. App. 476, 358 N.E.2d 167.

Where the court deliberately postpones indefinitely the pronouncement of judgment and sentence, the court loses jurisdiction to sentence and upon application the defendant should be discharged. Warner v. State (1924), 194 Ind. 426, 143 N.E. 288; Smith v. State (1919), 188 Ind. 64, 121 N.E. 829; Taylor, supra.

However, a "judgment withheld" entry is neither a final judgment nor an appealable interlocutory order. AP. 4(B).

It is therefore not appealable. *Clanton* v. *State* (1974), 159 Ind. App. 603, 308 N.E.2d 726; *Spall* v. *State* (1973), 156 Ind. App. 189, 295 N.E.2d 852.

Accordingly, this appeal is dismissed.

Staton, P.J. and Hoffman, J., concurs.

NOTE.—Reported at 359 N.E.2d 924.