**Raymond BARLOW, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 18A02–8801–CR–20.

Court of Appeals of Indiana, Second District.

Aug. 15, 1988.

---

Alan K. Wilson, Muncie, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Schuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

## ON THE APPELLEE'S MOTION TO DISMISS

PER CURIAM.

This case is pending before the Court on the appellee's Motion to Dismiss Appeal which alleges that the trial court's entry which is the subject of this appeal is neither a final judgment nor the proper subject for an interlocutory appeal.

The defendant-appellant was charged by Information with Count I, operating a vehicle while intoxicated, I.C. 9–11–2–2, and Count II operating a vehicle with 0.10% or more, by weight of alcohol in his blood, I.C. 9–11–2–1, the same being a Class A and Class C misdemeanor respectively. After a bench trial, the defendant was found guilty on both charges but on the motion of the State the court merged Count II into Count I. After finding the defendant guilty, the trial judge then gave the defendant two choices. The court first gave him the choice of taking a judgment of conviction with a fine of $150.00 and costs and sixty (60) days in jail. The second choice was

that the court would not enter judgment of conviction, but would withhold judgment for one year on the conditions that the defendant enter into and complete an alcohol abuse education program and have no arrests or convictions in the next year for any alcohol related charges. The court cautioned the defendant that the second choice was not an easy way out and that if the defendant missed his counseling sessions, the court would order him back, would enter judgment of conviction and he would then serve the time in jail and pay the fine and costs. (R. pp. 85, 86). The defendant chose the second option of not having judgment entered, whereupon the trial court made the following entry:

"Comes now the State of Indiana by and through Diane M. Frye, Deputy Prosecuting Attorney, comes now the defendant, Raymond L. Barlow, in person and by counsel, Alan K. Wilson, Public Defender. Witnesses sworn, cause submitted, evidence heard and concluded, and the Court now finds the defendant guilty as charged on both Count I and Count II, and hereby incorporated (sic) Count II in with Count I. The defendant now orally waives the 30–days sentencing requirement in this matter and agrees to enroll in and complete any so recommended alcohol counseling. The Court now refers the defendant herein to the Court's Counter Measures Program and informs the defendant herein of his obligation to pay User's Fees therein. The Court notes suspension suspension (sic) on defendant's operator's license is limited to 30–days administrative suspension and further suspends defendant's license for a period of 90 days to run concurrent with the administrative suspension. Further defendant is to commit no further alcohol related offenses for a period of one year. The Court now withholds judgment in this cause until July 13, 1988 at 3:00 p.m. Parties notified in open court. Court now appoints Alan K. Wilson, Public Defender, for the purposes of appear. (sic)"

The defendant filed a Motion to Correct Errors which was denied and this appeal followed.

I.C. 35–38–1–1 requires the trial court to enter a judgment of conviction after a verdict, finding, or plea of guilty, if a new trial is not granted. I.C. 35–38–1–2 and Criminal Rule 11 require that upon entering a conviction, the Court shall set a date for sentencing within thirty (30) days, unless for good cause shown an extension is granted. Criminal Rule 16 provides that the defendant shall have sixty (60) days from the date of *sentencing* to file a Motion to Correct Errors. (Emphasis added).

In contrast to the above statutes and rules providing for conviction, sentencing and preparation for an appeal, I.C. 16–13–6.1–15.1 provides the trial judge with a sentencing alternative in a criminal proceeding for a misdemeanor or an infraction in which the use or abuse of alcohol, drugs, or harmful substances is a contributing factor or a material element of the offense. Instead of conviction, sentencing and appeal, I.C. 16–13–6.1–15.1(b) empowers the trial judge with the consent of the defendant and of the State to offer the defendant a rehabilitative program, which if the defendant successfully completes, results in the dismissal of the charges against the defendant. However, if the defendant violates any of the conditions imposed upon him, the Court may order the criminal proceedings resumed. Subsections (a) and (b) of that statute are as follows:

"(a) In any criminal proceeding for a misdemeanor or infraction in which:

(1) The use or abuse of alcohol, drugs, or harmful substances is a contributing factor or a material element of the offense; or

(2) The defendant's mental illness (as defined under I.C. 16–14–9.1–1, other than substance abuse) is a contributing factor; the court may take judicial notice of the fact that proper early intervention, medical, advisory, or rehabilitative treatment of the defendant is likely to decrease the defendant's tendency to engage in antisocial behavior.

(b) *Before conviction*, the court, with the consent of the defendant and the prosecuting attorney, may conditionally defer the proceedings described in sub-

section (a) for up to one (1) year. The court may:

(1) Order the defendant to satisfactorily complete an alcohol and drug service program, if the court makes a determination under subsection (a)(1);

(2) Order the defendant to undergo treatment for the defendant's mental illness, if the court makes a determination under subsection (a)(2); and

(3) Impose other appropriate conditions upon the defendant.

If the defendant violates a condition imposed by the court, the court may order the criminal proceedings to be resumed. If the defendant fulfills the conditions set by the court, the court shall dismiss the charges against the defendant." (Emphasis added)

In the case now before us, the defendant chose the remedial procedure provided by I.C. 16–13–6.1–15.1 which resulted in the interruption of the criminal proceedings against him. If he successfully completes his rehabilitation program, the criminal charges against him will be dismissed. On the other hand, if he fails to satisfactorily complete his program, the criminal proceedings will be resumed and the trial court having previously found him guilty, presumably would proceed to enter judgment of conviction and to sentence the defendant. After sentencing, the defendant would then have the right to appeal.

The present posture of this case is that judgment has been withheld for the purpose of the defendant's completion of an alcohol counseling program. At this point in time, no judgment of conviction has been entered. No sentence has been imposed. There is no judgment to be appealed.

The appellee's Motion to Dismiss is granted and this cause is dismissed.

SULLIVAN, Judge, dissenting.

In light of *Goodwin v. State* (1982) Ind., 439 N.E.2d 595, I am unable to agree that the Court did not enter a judgment of conviction in 1987. *Goodwin* states:

"A judgment of conviction is the mental process of the judge in which he finds that the defendant in a criminal cause is guilty." 439 N.E.2d at 602.

Here, the trial court clearly determined the guilt of the defendant.

It must be acknowledged that *Robison v. State* (1977) 3d Dist., 172 Ind.App. 205, 359 N.E.2d 924, would appear to be inconsistent with the statement from *Goodwin*. In *Robison*, the Court said that "a 'judgment withheld' entry is neither a final judgment nor an appealable interlocutory order." 359 N.E.2d at 924. In doing so, however, it relied upon *Clanton v. State* (1974) 2d Dist., 156 Ind.App. 603, 308 N.E.2d 726, and *Spall v. State* (1973) 1st Dist., 156 Ind.App. 189, 295 N.E.2d 852. Such reliance in my view was erroneous. The latter two cases involved jury verdicts unlike *Robison* and the case now before us which involve bench trials. It goes without saying that a jury verdict is not a judgment and requires some action by the court upon the verdict before there may be a judgment. It must also be noted that *Robison*, *Clanton* and *Spall* are all Court of Appeals cases while *Goodwin* was a unanimous Supreme Court case and was decided subsequent to the three Court of Appeals cases.

It may well be logical to hold that a criminal conviction is not ripe for appeal until after sentence has been imposed but that is different than saying that there has not been a judgment of conviction. We are bound by the law as it comes to us from our Supreme Court.