**David M. JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–9204–PC–100.**

Court of Appeals of Indiana,
Fifth District.

Nov. 24, 1992.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

David Jones appeals the post-conviction court's denial of his petition for post-conviction relief challenging the validity of a guilty plea Jones entered on a charge of operating a motor vehicle after a finding that he was an habitual traffic offender ("HTO"), a class D felony. The sole issue raised, which we restate, is whether his guilty plea is invalid where a factual basis for the plea did not exist because he had not been adjudged an HTO at the time he committed the present offense.

We reverse.

FACTS

In June of 1981, the Bureau of Motor Vehicles filed a civil complaint against Jones, asking the trial court to adjudge Jones an HTO. A hearing on the complaint was held on August 31, 1981 and, although not a part of the record before us, the trial court apparently determined that Jones was an HTO and ordered Jones not to operate a motor vehicle for ten years. Twice after this hearing, on August 31 and October 9, 1981, Jones drove a car, resulting in two separate charges being filed against him. These were consolidated for trial. Jones moved to dismiss the charges on the grounds that the trial court's finding that he was an HTO and the order not to operate a motor vehicle had not been reduced to a written and signed judgment properly entered. Jones contended that because he had not been adjudged an HTO, the charges for operating a motor vehicle after a finding of HTO could not stand. The trial court denied the motion to dismiss. Jones then entered a plea of guilty to the October 9 charge in exchange for the State's agreement to drop the August 31 charge and to forego charging Jones as a D felony habitual offender.

At the guilty plea hearing, Jones testified that he knew the trial court had found him to be an HTO and had ordered him not

to operate a motor vehicle. He also testified that he had been driving a car on October 9. This testimony from Jones was the extent of the factual basis for his guilty plea.

Jones filed his *pro se* petition for post-conviction relief on March 20, 1990, arguing in effect that he had pleaded guilty to an offense that he could not be guilty of because an effective judgment had not been entered against him on the underlying HTO charge. The post-conviction court denied Jones's petition.

## DISCUSSION

We have grave concerns about whether a conviction could stand for operating a motor vehicle after a finding of HTO where a judgment was not entered on the underlying HTO charge at the time the defendant was charged with operating after a finding of HTO; especially here where we have not been provided in the record with the trial court's apparent finding of HTO. However, we need not discuss that issue because the guilty plea hearing was fundamentally flawed.

■ Jones pleaded guilty to Ind.Code 9–4–13–14 (repealed by P.L.79–1984, Sec. 2; now I.C. 9–30–10–16 (West 1992)). I.C. 9–4–13–14 provided:

> A person found to be an habitual traffic offender who operates a motor vehicle while the order of the court prohibiting operation remains in effect commits a class D felony.

Clearly, the factual basis for a guilty plea would have to include establishing the fact that Jones was adjudged an HTO. *See Mogle v. State* (1984), Ind.App., 471 N.E.2d 1146. In order to establish a prior judgment or conviction parol evidence alone is not sufficient; court records must be produced unless the State can show they are unavailable. *Id.* at 1150 (conviction under I.C. 9–4–13–14 reversed where only evidence of HTO judgment was testimony of police officer) (citing *Morgan v. State* (1982), Ind., 440 N.E.2d 1087 (enhancement of sentence reversed where habitual offender status proved solely on oral testimony of prosecutor and defense counsel)).

We see no reason why the rule should be different in the context of a guilty plea.

■ Here, the only evidence to establish that Jones had been adjudged an HTO was Jones's own testimony that a court had ordered him not to drive for ten years. No effort was made by the State to introduce court records or to show that the records were unavailable. Consequently, a factual basis for Jones's guilty plea was not established and the guilty plea should have been vacated.

The post-conviction court erroneously denied Jones's petition for post-conviction relief.

REVERSED.

SHARPNACK, C.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The statute in question, I.C. 9–4–13–14, provided that the person only need be "found to be an habitual offender". The majority implies that there must have been "an effective judgment ... entered against him on the underlying HTO charge." Maj. opinion at 889. There is authority to the effect that a mere finding does not constitute a judgment. *See Robison v. State* (1977) 3d Dist., 172 Ind.App. 205, 359 N.E.2d 924 (Trial court entered finding of guilt but attempted to withhold judgment. Held: There being no appealable judgment, the appeal must be dismissed.); see also to same effect in a civil proceeding *Northcutt v. Buckles* (1877) 60 Ind. 577. There is, however, authority to the contrary. In *Goodwin v. State* (1982) Ind., 439 N.E.2d 595, 602, our Supreme Court held: "A judgment of conviction is the mental process of the judge in which he finds that a defendant in a criminal cause is guilty." *See also Barlow v. State* (1988) 2d Dist.Ind. App., 526 N.E.2d 1212 (Sullivan, J., dissenting); *State v. Boze* (1985) 3d Dist.Ind.App., 482 N.E.2d 276, *trans. denied.* To the extent, therefore, that there might have been a 1981 finding that Jones was an habitual offender, although not a "judg-

ment" or an "adjudication", such might have nevertheless sufficed for purposes of a subsequent conviction under I.C. 9–4–13–14.

The fact remains, however, that we do not have in the record before us even a *finding* that Jones was an habitual offender. This alone is reason enough to reverse the denial of post-conviction relief.

Be that as it may, and notwithstanding the message of *Goodwin v. State, supra,* 439 N.E.2d 595, I share the "grave concerns" expressed by the majority. I further agree that the failure of the trial court to establish a factual basis for the guilty plea requires reversal.

I concur.