Gerry BUTLER, Appellant–
Petitioner Below,

v.

STATE of Indiana, Appellee–
Respondent Below.

No. 45A03–9309–PC–304.

Court of Appeals of Indiana,
Third District.

Aug. 10, 1994.

Rehearing Denied Nov. 3, 1994.

Charles A. Asher, South Bend, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Gerry Butler appeals the denial of his petition for post conviction relief, presenting three issues for this court's review:

    I.  Whether Butler's guilty plea was supported by a sufficient factual basis;

    II.  Whether Butler was denied the effective assistance of counsel;

    III.  Whether the post conviction court erred by allowing the expert testimony of a Deputy Prosecutor.

The first of these issues is dispositive. We reverse the denial of post conviction relief.

On May 9, 1987, Butler was involved in an automobile collision that caused the death of one person and seriously injured four others. On June 20, 1989, he pled guilty to operating a vehicle while intoxicated causing serious bodily injury and admitted his status as an habitual substance offender.

On June 24, 1992, Butler filed a petition for post conviction relief, alleging that he had not committed the predicate offenses (two felonies or class A misdemeanors) to support an habitual substance offender determination. IND.CODE 35–50–2–10. Butler contended that his new counsel's investigation had revealed that his previous convictions consisted of one class A misdemeanor and one class C misdemeanor. He further alleged that his former counsel was ineffective in failing to ascertain, prior to the guilty plea hearing, whether he had committed two prior offenses which were classified as class A misdemeanors.

Hearing on the post conviction petition was held on December 17, 1992. The charging and conviction documents submitted to the post conviction court (but not submitted to the guilty plea court) could neither refute nor substantiate Butler's claim that his second alcohol-related conviction was a class C misdemeanor. The "Indiana Information and Summons" alleged a violation of IND.CODE 9–11–2–1 ("Operation of a vehicle with .10% or more alcohol in blood," a class C misdemeanor) but described the violation as "Driving While Intox" (apparently referring to "Operation of vehicle while intoxicated," a class A misdemeanor). The court docket sheet indicated the imposition of a sixty day sentence, the maximum penalty provided for a class C misdemeanor conviction.[1] Record, pp. 317, 322.

Nevertheless, the post conviction court determined that a sufficient factual basis for the habitual substance offender plea was established when Butler admitted to the guilty plea court that he had two prior "DUI" convictions.[2]

IND.CODE 35–35–1–3(b) provides: "The court shall not enter judgment upon a plea of guilty or guilty but mentally ill at the time of the crime unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea."

■ An adequate factual basis for the acceptance of a guilty plea may be established by the State's presentation of evidence on the elements of the charged offense, *Gibson v. State* (1986), Ind., 490 N.E.2d 297, 298, *reh. denied,* or by the sworn testimony of a defendant regarding the events underlying the charge, *Snowe v. State* (1989), Ind.App., 533 N.E.2d 613, 617. A proper factual basis may also be established where a defendant admits the truth of the allegations contained in an information read in open court or where a defendant indicates that he understands the nature of the crime charged and that his guilty plea constitutes an admission of the charge. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 253.

■■ Pursuant to I.C. 35–50–2–10, a requisite factual basis for the acceptance of a plea to being an habitual substance offender would have included evidence or an admission that: (1) a defendant had accumulated two prior unrelated substance offense convictions (2) which were either felonies or class A misdemeanors. Butler readily admitted to the guilty plea court that he had previously committed two offenses which he characterized as "D.U.I.s". However, evidence as to the legal classification of those offenses was wholly lacking.

■ Moreover, it is incumbent upon the State to present documentation of prior convictions to support an habitual offender adjudication or guilty plea, unless such documentation is unavailable. *Jones v. State* (1992), Ind.App., 603 N.E.2d 888. "In order to establish a prior judgment or conviction parol evidence alone is not sufficient; court rec-

---

1. Fifty days of the sentence were suspended.

2. The guilty plea court inquired of Butler: "Do you have a prior record of any kind?" Butler responded: "I have two prior D.U.I.'s." Record, p. 61.

ords must be produced unless the State can show they are unavailable.... We see no reason why the rule should be different in the context of a guilty plea." *Id.* at 889. *See also Morgan v. State* (1982), Ind., 440 N.E.2d 1087; *Mogle v. State* (1984), Ind.App., 471 N.E.2d 1146.

■ Here, the post conviction court was unable to determine from the record of the guilty plea proceedings whether Butler had actually accumulated two prior class A misdemeanor convictions. The post conviction court attempted to remedy the deficiency by allowing Deputy Prosecutor Mark Kopinsky to testify that, according to the usual procedures of the St. Joseph County Prosecutor's office, a second offense "would have been" charged as a class A misdemeanor.[3] However, a post conviction hearing is not a procedure whereby a fundamentally flawed guilty plea may be rehabilitated. *Jones, supra.*

Butler's admission to his status as an habitual traffic offender—addressing less than all the requisite elements and unsupported by documentation—did not provide a sufficient factual basis to support the acceptance of his guilty plea. We reverse and remand with instructions to the post conviction court to permit the withdrawal of Butler's guilty plea.

Reversed and remanded.

GARRARD and NAJAM, JJ., concur.

---

3. Kopinski also opined that a class A misdemeanor "would have been" charged, inasmuch as Butler allegedly refused a blood alcohol test. However, the court documents examined by Kopinski disclosed that the State and Butler stipulated to striking the allegation of refusal. Kopinski was unable to ascertain from court documents whether Butler may have accepted a plea

bargain providing for a class C misdemeanor conviction. He indicated that misdemeanor proceedings were generally informal in nature and were recorded by equipment rather than a court reporter. However, audio tapes pertaining to Butler's misdemeanor conviction were unavailable.