**David M. GUMM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–9408–PC–494.**

Court of Appeals of Indiana.

Sept. 28, 1995.

---

Randall L. Cable, Indianapolis, for appellant.

Pamela Carter, Attorney General, Mary Dreyer, Deputy Attorney General, Office of Attorney General, Indianapolis, for appellee.

## OPINION

SULLIVAN, Judge.

David M. Gumm (Gumm) pleaded guilty to one count of operating a motor vehicle after having been determined to be an habitual traffic offender, as a class D felony,[1] In exchange for his plea the remaining four counts of the original five count charge were dismissed.[2] The plea agreement Gumm entered into specified that his driving privileges were to be suspended for life, and that he would serve a sentence of 545 days, with 365 days suspended.

Gumm filed a Petition for Post–Conviction Relief, in which he alleged errors in the trial court's procedures for acceptance of his plea, and in the plea itself. The trial court denied his petition.

He presents two issues, which we rephrase:

I. whether the trial court followed the procedural mandates of I.C. 35–35–1–2 to determine that Gumm submitted the plea knowingly, intelligently, and voluntarily; and

II. whether the trial court erred in determining that a sufficient factual basis existed for Gumm's plea.

### I.

█ Gumm contends that the trial court, in accepting his plea, failed to ascertain whether he knowingly and intelligently entered into the plea agreement. Specifically, Gumm cites the court's failure to ask him whether he wished to plead guilty, its failure to advise him that the court was not a party to the plea agreement and was not bound to accept its terms, and its failure to formally accept the agreement.

Gumm concedes that the trial court engaged in extensive inquiry concerning the nature and contents of the plea agreement. Inherent in that discussion with Gumm is the premise understood by all concerned that Gumm was fully aware of the terms of the agreement and intended to plead guilty pursuant to the agreement. He contends that, although the court examined him regarding the plea agreement, it failed to establish the voluntariness of the guilty plea itself. In support of this proposition, Gumm cites *Spencer v. State* (1994) 3d Dist.Ind.App., 634 N.E.2d 72, 74, *trans. denied,* which held that a court, in accepting a defendant's guilty plea, was not necessarily bound to accept the terms of a plea agreement.

█ While we recognize that a trial court is bound to inform a defendant that it is not a party to the plea agreement and that it is not bound to accept those terms, an examination of the record quite plainly reveals that the court questioned Gumm upon both his intent to plead guilty and upon his understanding of the plea agreement. The court read Count I of the information to him, at which point Gumm displayed knowledge of, and an understanding that, he was pleading guilty to the crime of operating a vehicle after having been declared an habitual traffic offender. The court ascertained that Gumm had read and understood the plea agreement, which included an assertion that the court is not a party to the plea and that it is not bound to accept it.

Contrary to Gumm's assertions, after the court found a factual basis for his plea, it took the plea under advisement pending a pre-sentence investigation. Thereafter, the judgment of conviction specifically stated that the court accepted the plea. The penalties imposed tracked the plea agreement for the single count to which the plea was entered. Such a statement is sufficient to overcome Gumm's assertions.

### II.

█ Next, Gumm alleges that an insufficient factual basis existed to support the plea

1. The statute under which Gumm was convicted, I.C. 9–12–3–1 (Burns Code Ed.Repl.1987), has been recodified as I.C. 9–30–10–16 (Burns Code Ed.Repl.1991). This statutory provision prohibits operating a motor vehicle while one's driving privileges are suspended under chapter 10 of the Act or for violations imposed under the chapter. The entire chapter deals with habitual violators of traffic laws.

2. The plea agreement stated that Gumm agreed to plead guilty to the offense of "HTO" (Record at 45) rather than driving while suspended pursuant to an habitual offender determination. The judgment of conviction recites that the conviction is for "Op.Veh.H.T.O." Record at 47. In any event, the parties present no issue with respect to the exact nature of the charge, the plea or the conviction.

agreement. His argument seems to be two-fold. He first points to the State's failure to present any records supporting its contentions that Gumm had previously been adjudged an habitual traffic offender; next, he points to its failure to produce evidence proving that Gumm knew that he drove while his license was suspended.

The record reveals that Gumm answered affirmatively the court's queries upon the count to which he pleaded guilty:

"Q: Do you understand that by pleading guilty uh.... let me read the information to you know [sic]. Okay, it states here that on or about July 5th, 1990 David M. Gumm ... in Marion County, State of Indiana, operated a vehicle.... at 3600 East Raymond Street, public highway in Marion County, Indiana ... during the habitual traffic violator suspension of his driving privileges. Do you understand that by pleading guilty to this charge you are admitting the truth of all the facts alleged in the information and in support of that charge? Do you understand that?

A. Yes I do." Record at 59–60.

Additionally, the version of the events read by the Prosecutor included the allegation that Gumm's license was suspended while he drove; Gumm responded that those allegations were accurate.

Citing *Jones v. State* (1992) 5th Dist.Ind. App., 603 N.E.2d 888, 889, Gumm argues that his admissions, without more, are insufficient factual basis for his guilty plea. To be sure, in *Jones, supra*, we strongly questioned whether such a conviction could stand without proof that there was in fact a prior determination as to habitual traffic offender status. More specifically, we stated: "Clearly, the factual basis for a guilty plea would have to include establishing the fact that Jones was adjudged an HTO." 603 N.E.2d at 889. The *Jones* decision would appear to dictate reversal in this case. However, we choose to articulate a different principle or principles to govern our disposition.[3]

■ In *Frazier v. State* (1986) Ind., 490 N.E.2d 315, 316, our Supreme Court noted: "since a defendant may plead guilty to an habitual offender charge, [citation omitted] the State is relieved of its burden of proof on that charge just as a plea of guilty eliminates the need to prove beyond a reasonable doubt the commission of the pending felony."

To be sure, the factual basis for a guilty plea need not be established beyond a reasonable doubt and the State may be relieved of a strict burden to prove that factual basis.

■ Furthermore, it must be kept in mind that the proceeding here reviewed is a post-conviction proceeding. We would draw an analogy to the burden placed upon one attacking an habitual offender determination *vis a vis* the failure of the State to allege and prove the precise sequence of the prior offenses. We have held that a petitioner is not entitled to relief unless he can show that the sequence of offenses is other than required for the habitual determination. *Lingler v. State* (1994) 1st Dist.Ind.App., 635 N.E.2d 1102. In the case before us, Gumm does not assert that he had not been determined to be an habitual traffic offender. He does not assert that he did not have his driving privileges suspended as a result of that H.T.O. determination. Further, he does not claim that he was not operating a motor vehicle while under suspension.

■ Finally, factual basis may be more or less crucial to the validity of a guilty plea dependent upon the circumstances. Al-

---

3. We are unwilling to adopt the reasoning of *Melton v. State* (1993) 1st Dist., Ind.App., 611 N.E.2d 666, *trans. denied*, as suggested by the State. That case did appear to reject *Jones v. State, supra*. However, the purported disagreement in *Melton* was dictum. *Melton* dealt with a guilty plea to operating a vehicle with a B.A.C. of .10%. It did not deal with an offense which contained, as an essential element, a prior adjudication.

*Melton* misconstrues the principle enunciated in *Jones* and attributes to it much more sweeping application than intended or called for. In any event, *Melton* is susceptible to differing interpretations. It mistakenly discusses operating with a B.A.C. of .10% as a lesser included offense of driving while intoxicated. It held that a guilty plea to driving while intoxicated could be tested, as to factual basis, by facts relating to B.A.C. Thus even though the trial court entered a conviction for driving while intoxicated, the *Melton* court affirmed a B.A.C. conviction. For these reasons we are of the view that if applied at all, *Melton* must be confined to its precise factual and procedural posture.

though *Trueblood v. State* (1992) Ind., 587 N.E.2d 105, *cert. denied* (1992) 506 U.S. 897, 113 S.Ct. 278, 121 L.Ed.2d 205, involved imposition of the death penalty following a guilty plea, our Supreme Court employed a rationale applicable to all guilty pleas: "Defendants should have the option, however, to plead guilty if they so choose. They may want to do so for a multitude of reasons that may be favorable to them." 587 N.E.2d at 108. Indiana has, therefore, adopted the standard enunciated in *North Carolina v. Alford* (1970) 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162: "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

Here, it was clearly in Gumm's best interests to plead to the single count in return for dismissal of the other four charges, and receipt of a minimal executed sentence.

The denial of the post-conviction relief petition is affirmed.

FRIEDLANDER, J., concurs.

CHEZEM, J., concurs in result.