Timothy MILLER, Appellant,

v.

STATE of Indiana, Appellee.

No. 82A01–0203–CR–89.

Court of Appeals of Indiana.

Feb. 25, 2003.

Jon Aarstad, Vanderburgh County Public Defender Agency, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Timothy Miller and the State bring this consolidated interlocutory appeal pursuant to Indiana Appellate Rule 14(B) and raise two issues for review:

1. Whether the trial court erred when it determined that Miller's 1998 conviction for Operating a Vehicle While Intoxicated ("OWI"), as a Class A misdemeanor, was void as a matter of law.

2. Whether the trial court erred when it determined that Indiana Criminal Rule 4(C) does not bar further proceedings on the charge that resulted in the void 1998 OWI conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In January 1995, under Cause Number 82C01–9501–DF–23 ("Cause No. 23"), the State charged Miller with OWI, as a Class D felony.[1] In July 1995, the State and Miller appeared in open court and filed a Sentencing Recommendation ("plea agreement"), which provided in relevant part that Miller agreed to plead guilty as charged, and the State accepted his plea. The plea agreement also recommended that the court: (1) withhold judgment for a period of three years and place Miller on the Alcohol Intensive Supervision Program ("AISP") for three years; (2) impose fees and suspend Miller's driver's license for a period of two years; and (3) enter judgment as a Class A misdemeanor after Miller's completion of AISP. That same day, the court found a factual basis for Miller's guilty plea, advised Miller of his rights, and scheduled sentencing for the following month.

In August 1995, Miller appeared with counsel for sentencing, and the court accepted the terms of the parties' plea agreement. The court further ordered that the parties reappear in August 1998 for entry of the withheld judgment. Three years later, in August 1998, the court found that Miller had complied with the terms and conditions of AISP and, pursuant to the plea agreement, entered judgment of conviction to OWI, as a Class A misdemeanor.

In March 2001, under Cause Number 82C01–0103–DF–278 ("Cause No. 278"), the State charged Miller with Resisting Law Enforcement, as a Class D felony, and OWI, both as a Class A misdemeanor and as a Class D felony enhancement. The basis for the OWI enhancement was Miller's prior OWI conviction in Cause No. 23.

In October 2001, Miller filed a Motion to Dismiss the enhancement in Cause No. 278, arguing that the parties' plea agreement in Cause No. 23 was *void ab initio* under *Lighty v. State*, 727 N.E.2d 1094 (Ind.Ct.App.2000). Miller then filed a Motion to Dismiss Cause No. 23 pursuant to Criminal Rule 4(C). In particular, Miller argued that because the parties' plea agreement was *void ab initio*, and the State had failed to bring him to trial on that charge within one year from the date *Lighty* was decided, any subsequent trial would violate Criminal Rule 4(C).

In November 2001, the court conducted a hearing on both of Miller's motions, during which it heard argument and took the motions under advisement. The court then denied Miller's motion to dismiss Cause No. 23, explaining in relevant part:

---

1. The State charged Miller with a Class D felony enhancement based on its allegation that Miller had a prior conviction for OWI in 1994.

The motion [to dismiss Cause No. 23] was filed based upon *Lighty v. State,* and secondly upon the claim of the defendant that ... under Criminal Rule 4 he had been held more than a year without being brought to trial. Court finds that in Cause No. 23 that on August 26, 1998, the defendant was convicted of a Class A misdemeanor and at that point the case was closed satisfactorily, and on ... September the 11 th, 1998, the docket also shows that he was discharged from the [AISP], and finally on August the 28th, 1995, when the withheld judgment was entered, or when the order made with regard to there being a withheld judgment his bond was released and so the Court finds that under ... all those circumstances he was not being held under this case to answer to the charges. For that reason the Court denies the Motion to Dismiss.

But the court also concluded that under *Lighty,* Miller's conviction under Cause No. 23 is void as a matter of law and, thus, the enhancement portion of Cause No. 278 could not be based on the Cause No. 23 misdemeanor conviction. Accordingly, the court granted Miller's motion to dismiss the enhancement in Cause No. 278.

Thereafter, both the State and Miller asked the court to certify its orders in both cause numbers for interlocutory appeal, and the court complied. This court accepted jurisdiction under Appellate Rule 14(B) and consolidated the trial court's orders in Cause No. 23 and Cause No. 278 for appeal.

## DISCUSSION AND DECISION

### Issue One: Withheld Judgment in 1998 OWI Conviction

 We have explained that this consolidated appeal involves two orders, one from which the State appeals and one from which Miller appeals. Specifically, the State appeals the trial court's order granting Miller's motion to dismiss the enhancement in Cause No. 278, and Miller appeals the trial court's order denying his motion to dismiss Cause No. 23. But the parties agree that if we determine Miller's conviction in Cause No. 23 is a nullity, then that conviction cannot serve as the enhancement conviction in Cause No. 278. Accordingly, we must first address whether Miller's misdemeanor conviction in Cause No. 23 is void as a matter of law. Because the issue presented is a pure question of law, our standard of review is de novo. *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind.1997).[2]

The trial court determined, and Miller agrees, that his 1998 OWI conviction is void under *Lighty,* 727 N.E.2d at 1097. Specifically, in its Order granting the parties' motions to certify orders for interlocutory appeal, the trial court stated in relevant part:

> Court grants motion to dismiss [the enhancement in Cause No. 278] based upon [*Lighty v. State,* 727 N.E.2d 1094 (Ind.Ct.App.2000) ]. Court reasons that if the plea agreement was void in the defendant's prior conviction then the plea was void as well. In addition, if the court does not have authority to with-

**2.** Initially, the State argues that Miller failed to seek the proper relief from the allegedly void judgment in Cause No. 23. Specifically, the State asserts that instead of a motion to dismiss, Miller should have filed a motion for relief from judgment under Indiana Trial Rule 60(B). But the State has waived any objection to the form of Miller's motion because it failed to raise that objection to the trial court. Moreover, we agree with Miller that a motion to dismiss is proper when a defendant seeks discharge under Criminal Rule 4. *See Randall v. State,* 474 N.E.2d 76, 83–84 (Ind.1985). Here, Miller's motion to dismiss Cause No. 23 was based on an alleged Criminal Rule 4(C) violation.

hold a judgment then the court did not have authority to enter judgment as a Class A misdemeanor.

In *Lighty*, 727 N.E.2d at 1095, the State charged the defendant with two counts of Battery, one as a Class A misdemeanor and one as a Class D felony enhancement. The defendant entered into a plea agreement with the State wherein he pleaded guilty to battery as an A misdemeanor, and the parties agreed that the court would withhold judgment for one year. *Id.* During the one-year period, the parties agreed that the defendant would be subject to certain conditions, and if he completed the year without violating those conditions, the State agreed to dismiss the D felony battery charge. *Id.* The court accepted the plea agreement. *Id.*

Within the one-year period, the State filed a motion entitled "Motion to Reinstate Judgment," alleging that the defendant had failed to successfully complete one of the conditions of his plea agreement. *Id.* at 1096. Following a hearing, the trial court entered an "Order Revoking Probation," where the court found that the defendant had violated the terms of his plea agreement and ordered him to serve 180 days in jail, in addition to the balance of his original one-year sentence on probation. *Id.* The defendant filed a motion to correct error, which was denied, and then filed his direct appeal. *Id.*

On appeal, this court raised the following dispositive issue *sua sponte:* whether the parties' plea agreement was *void ab initio. Id.* In our analysis, we first addressed plea agreements in general and noted "that contracts made in violation of a statute are void and unenforceable." *Id.* at 1096 (citing *Sinn v. State*, 609 N.E.2d 434, 436 (Ind.Ct.App.1993), *trans. denied* ). Next, we stated that "[b]oth the Indiana Code and Indiana case law provide that trial courts may not withhold judgments."

*Id.* In support, we relied on Indiana Code Section 35-38-1-1(a), which provides, "After a verdict, finding, or plea of guilty, if a new trial is not granted, the court shall enter a judgment of conviction." We further cited three cases in which our court had determined that courts may not withhold judgments. *Lighty*, 727 N.E.2d at 1096 (citing *King v. State*, 720 N.E.2d 1232, 1236 (Ind.Ct.App.1999); *Chissell v. State*, 705 N.E.2d 501, 506 (Ind.Ct.App. 1999), *trans. denied; Robison v. State*, 172 Ind.App. 205, 359 N.E.2d 924 (1977)). And because the parties entered into a plea agreement that was conditioned on the trial court's ability to withhold judgment, we determined that the agreement was a legal nullity and *void ab initio. Id.* at 1097. We, therefore, reversed for proceedings consistent with the opinion. *Id.*

The State maintains that *Lighty* was decided incorrectly. Specifically, the State asserts that: (1) the cases cited in *Lighty* are distinguishable from the facts in that case; (2) *Lighty* erroneously stated that plea agreements involving withheld judgments are prohibited by Indiana Code Section 35-38-1-1(a); and (3) *Lighty* incorrectly stated that plea agreements that conflict with a statute are void.

Initially, we agree with the State that the facts in *Lighty* are distinguishable from those in *King, Chissell,* and *Robison.* In *King*, 720 N.E.2d at 1236, the trial court entered judgment as a Class A misdemeanor and, following a probation revocation proceeding, re-entered judgment on the same charge as a D felony. In both *Chissell*, 705 N.E.2d at 505, and *Robison*, 359 N.E.2d at 924, the trial court withheld judgments indefinitely. *Chissell* involved a jury trial, and *Robison* involved a bench trial. But regardless of the factual distinctions in those cases, the relevant rule of law which permeates all four of the decisions is that trial courts may not withhold

judgments.[3] As such, we need not analyze and compare the facts of *King, Chissell,* and *Robison* to the facts in *Lighty.* Rather, we move on to the State's arguments regarding our interpretation of the judgment of conviction statute, Indiana Code Section 35–38–1–1(a).

The State first contends that Indiana Code Section 35–38–1–1(a) sets forth no specific time period within which a court must enter judgment of conviction and, thus, it does not prohibit withheld judgments. We agree that the statute's language does not establish a time limit for entry of judgment of conviction. But sometimes it is just as important to recognize what a statute does not say as it is to recognize what it does say. *Schafer v. Sellersburg Town Council,* 714 N.E.2d 212, 217 (Ind.Ct.App.1999), *trans. denied.* Indiana Code Section 35–38–1–1(a) does not authorize entry of withheld judgments. Rather, that statute governs judgments of conviction and unambiguously states, "After a … plea of guilty, …, the court *shall* enter a judgment of conviction." I.C. § 35–38–1–1(a) (emphasis added). When the word "shall" appears in a statute, we construe it as mandatory rather than directory unless it is clear from the context or purpose of the statute that the legislature intended a different meaning. *Clark v. Kenley,* 646 N.E.2d 76, 78 (Ind.Ct.App. 1995), *trans. denied.* In addition, the act of withholding judgment is the direct opposite of entering judgment. Thus, following a plea of guilty, a trial court lacks authority to withhold judgment and must enter judgment.

We previously stated in *Chissell,* 705 N.E.2d at 506, that withheld judgments "find no sanction in the law." That statement requires clarification. The phrase "withhold judgment" or "withheld judgment" does not appear in the criminal code. And as we have established, the judgment of conviction statute mandates entry of judgment following a plea of guilty. Nevertheless, our legislature has authorized trial courts, with the agreement of the State and the defendant, to defer judgment of conviction following a plea of guilty in certain circumstances. *See, e.g.,* Ind.Code § 35–48–4–12 (allows court to defer judgment following plea of guilty to possession of marijuana or hashish as a Class A misdemeanor and place person under court's custody subject to conditions).

In fact, in 2002 our legislature enacted legislation that authorizes a court having felony, misdemeanor, or juvenile jurisdiction in a city or county to establish a drug court. *See* Ind.Code § 12–23–14.5–1 *et seq.* Once a drug court has been properly established, Indiana Code Section 12–23–14.5–15 provides:

(a) A drug court may follow the procedure described in this section only if:

(1) a person pleads guilty to an offense in which the use of alcohol or drugs was a contributing factor or material element of the offense;

(2) the court refers the person to a drug court;

(3) the prosecuting attorney consents to the referral;

---

**3.** This court first stated in *Robison,* 359 N.E.2d at 924, that the act of a trial withholding judgment "is not authorized by statute or rule." We reaffirmed that principle in *Chissell,* 705 N.E.2d at 506. But it is important to note that both *Robison* and *Chissell* involved a discrete issue: whether a party could appeal

from a withheld judgment. However, in both *Lighty* and in this case, the determinative issue is not whether withheld judgments are final appealable orders but whether withheld judgments are permissible following a plea of guilty.

(4) the person who pleads guilty under subdivision (1) consents to the deferral;

(5) the person who pleads guilty under subdivision (1) is eligible to participate in the drug court under section 14(b) of this chapter and the drug court accepts the referral; and

(6) the person has not had a previous dismissal under this section.

(b) *Notwithstanding IC 35–38–1–1(a), the court, without entering judgment of conviction, may defer further proceedings and place the person in the custody of the drug court under conditions as the court determines.*

(c) The court, the prosecuting attorney, and the participant must all agree upon the duration of the conditions established under subsection (b). .

(d) *The court after a hearing may enter judgment of conviction if:*

(1) the person violates a condition established under subsection (b); or

(2) the period of time that the conditions are in effect expires before the person successfully completes each condition of custody.

(e) The court shall dismiss the charges against the person if the person fulfills the conditions of the custody established under subsection (b).

(Emphases added).

■■■ We must assume that the legislature is mindful of both court decisions and existing law. *Burke v. Town of Schererville*, 739 N.E.2d 1086, 1092 (Ind.Ct.App. 2000), *trans. denied.* Accordingly, when the legislature enacted Indiana Code Section 12–23–14.5–15 in 2002, we assume it was cognizant of our decisions interpreting Indiana Code Section 35–38–1–1(a).[4] Moreover, we find it significant that the legislature made specific reference to the judgment of conviction statute and determined that, despite that statute, drug courts may, following a plea of guilty, effectively withhold judgments under specific circumstances.[5] Statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme. *Wilburn v. State*, 671 N.E.2d 143, 147 (Ind.Ct.App.1996), *trans. denied.* Here, we harmonize the judgment of conviction statute with those statutes that allow for deferred judgments by construing the latter statutes as exceptions to the general rule. Indiana Code Section 35–38–1–1(a) does not authorize withheld judgments but requires that, following a plea of guilty, the court shall enter judgment of conviction.[6]

**4.** The Code also sets forth conditional deferment procedures that are available to certain defendants in some alcohol cases. *See* Ind. Code § 9–30–9–3 (prior to conviction, court may conditionally defer proceedings in a criminal action in which the use or abuse of alcohol is contributing factor or material element of offense). But unlike Indiana Code Sections 12–23–14.5–15 and 35–48–4–12, the alcohol deferment statute does not allow for deferment of judgment following a plea of guilty.

**5.** In February 2003, the House Courts and Criminal Code Committee passed House Bill 1260, which, if enacted, would create Indiana Code Section 35–38–1–1.5 and allow a trial court to "withhold judgment" under certain circumstances. That such legislation has been proposed confirms our conclusion that the judgment and conviction statute does not allow for withheld judgments.

**6.** The substance of the parties' plea agreement in this case is not covered by any of the current statutes which allow for deferred judgment following a plea of guilty. Miller was not charged with possession of controlled substance, so Ind.Code § 35–48–4–12 does not apply. And Ind.Code § 12–23–14.5–15 is inapplicable because the parties' plea agreement was not filed with an established drug court. In addition, the parties' agreement called for the trial court to withhold judgment

■ Still, the State asserts that Indiana Code Section 35–38–1–1(a) does not expressly prohibit parties from agreeing to withhold judgment in a plea agreement. Again, that statute requires that a court enter judgment of conviction following a plea of guilty. Despite the State's arguments to the contrary, agreements that are conditioned on the court's ability to withhold judgment, rather than enter judgment, following a guilty plea are in violation of the judgment of conviction statute. *See Lighty,* 727 N.E.2d at 1097. Accordingly, we turn to the State's final attack on *Lighty,* namely, that not all plea agreements in contravention of a statute are void.

■ A plea agreement is a contract, "an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court." *Baker v. State,* 768 N.E.2d 477, 481 (Ind. Ct.App.2002); *Smith v. State,* 717 N.E.2d 239, 241 (Ind.Ct.App.1999). Once accepted, the trial court is also bound by the terms of the agreement. Ind.Code § 35–35–1–2. And as we stated in *Lighty,* 727 N.E.2d at 1096, "It is well settled that contracts made in violation of a statute are void and unenforceable." It follows that a plea agreement, like the agreement in *Lighty* and in this case, which requires the trial court, after a plea of guilty, to *withhold* judgment rather than *enter* judgment constitutes a contract made in violation of Indiana Code Section 35–38–1–1(a). As a result, such plea agreements are void and unenforceable. *Lighty,* 727 N.E.2d at 1097.

■ In support of its assertion that not all contracts made in violation of a statute are void, the State directs us to *Continen-*

*tal Basketball Ass'n, Inc. v. Ellenstein Enters., Inc.,* 669 N.E.2d 134 (Ind.1996); *Norlund v. Faust,* 675 N.E.2d 1142, 1150 (Ind.Ct.App.1997); and *Noble v. Alis,* 474 N.E.2d 109 (Ind.Ct.App.1985), *trans. denied.* Those cases recognize that our courts sometimes apply a balancing test to determine whether a contract that contravenes a statute is void. *Continental Basketball,* 669 N.E.2d at 140–41. But we do not find those cases persuasive because they address private contracts, not plea agreements. In addition, our supreme court in *Continental Basketball* stated that as a general matter, where a contract contravenes a statute "the court's responsibility is to declare the contract void rather than apply the balancing test." *Id.* at 140. The State fails to cite to any case, and our research reveals none, in which our courts have applied the balancing test to a plea agreement that violates a statute. Thus, we choose to follow the general rule and conclude, as in *Lighty,* that a plea agreement which contravenes a statute is void and unenforceable.

■ Having addressed and rejected the State's challenges to the reasoning in *Lighty,* we hold that Miller's plea agreement, which was conditioned on the court's ability to withhold judgment, was *void ab initio.* We, therefore, affirm the trial court's determination that Miller's 1998 OWI conviction in Cause No. 23 is void. Because the 1998 conviction is void, the trial court properly granted Miller's motion to dismiss the enhancement in Cause No. 278.

### Issue Two: Application of Criminal Rule 4(C)

We must now address Miller's assertion that the trial court erred when it denied

---

for three years, and once Miller successfully completed the conditions of the agreement, the court entered judgment of conviction on the lesser A misdemeanor. Under the other

statutes, once a person successfully completes conditions, the court shall dismiss the charges. *See* I.C. § 12–23–14.5–15(e); I.C. § 35–48–4–12.

his motion to dismiss Cause No. 23. Miller contends that Criminal Rule 4(C) bars further proceedings in Cause No. 23 because the State failed to try him within one year. The State responds that the rule does not require dismissal because Cause No. 23 was closed in 1998 and Miller has not been held to answer that criminal charge. The State argues, in the alternative, that Miller acquiesced in the delay of his trial.

■■■■■ The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State*, 659 N.E.2d 548, 551 (Ind.1995). This "fundamental principle of constitutional law" has long been zealously guarded by our courts. *Id.* (quoting *Castle v. State*, 237 Ind. 83, 143 N.E.2d 570, 572 (1957)). To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. *Id.* Specifically, Criminal Rule 4(C) provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.]

If a defendant seeks or acquiesces in a delay that results in a trial date beyond the one-year limit, the time limitations set by Criminal Rule 4 are extended by the length of such delays. *See Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind.1999).

■■■■ Miller argues that because the parties' plea agreement was *void ab initio*, the State "could have tried him any time during the first year after his arrest" in 1995. While Miller's argument is creative, it is fatally flawed. First, his argument requires us to assume that the State could predict at the time the plea agreement was filed in 1995 that this court would later hold that plea agreements conditioned upon withheld judgments are *void ab initio*. Notwithstanding Miller's arguments to the contrary, *Lighty* was the first case to hold that plea agreements conditioned on the court's ability to withhold judgment are *void ab initio*. Miller's contention that the State could have proceeded to trial after the parties had entered into an agreement, which both the parties and court assumed was legally binding and enforceable at the time, is not well taken.

Moreover, at the time *Lighty* was decided, Cause No. 23 had been closed for approximately two years.[7] In 1995, the trial court accepted the parties' plea agreement and, pursuant to its terms, entered a judgment of conviction in 1998 after Miller had successfully completed the agreement's conditions. As the trial court pointed out in denying Miller's motion to dismiss Cause No. 23, that case was "closed satisfactorily" in 1998. Under these circumstances, we agree with the trial court that Criminal Rule 4(C) does not require dismissal because Miller has

---

7. Miller argued to the trial court that the State was required to try him within one year from the date this court decided *Lighty*. He asserted, in theory, that when *Lighty* was decided the State was placed on notice that its agreement with Miller was void. As a result, he contends that the State should have reopened the case and brought him to trial within one year. Again, we do not find that argument persuasive given that Miller's case had been closed for two years when we decided *Lighty*.

not been "held on recognizance or otherwise to answer" that charge since 1998.

Still, in support of his assertion that Criminal Rule 4 bars further proceedings, Miller directs us to *Taylor v. State*, 233 Ind. 398, 120 N.E.2d 165 (1954). That case is inapposite. The dispositive issue in *Taylor*, 120 N.E.2d at 166, was whether the trial court improperly delayed judgment of conviction and sentencing following a determination of guilt. In particular, following a bench trial, the court withheld judgment in July 1952 and did not impose final judgment of conviction and sentence until April 1953. *Id.* After concluding that the defendant was entitled to have sentence pronounced with reasonable promptness, the court stated, "[a]n American citizen is entitled to live without a Damocles sword dangling over his head." *Id.* at 167. Contrary to Miller's assertion, he has not lived with a Damocles sword hanging over his head because, unlike in *Taylor*, Miller's Cause No. 23 was closed in 1998.

In addition, by entering into the parties' agreement in 1995, Miller acquiesced in the delay of his trial. In *Miller v. State*, 650 N.E.2d 326, 329 (Ind.Ct.App.1995), *trans. denied*, we held that when a defendant enters into a plea agreement, any subsequent delay in trial is attributable to the defendant. Specifically, in *Miller*, the defendant informed the court that a plea agreement had been reached on August 17, 1992, and the court rejected the plea agreement on March 10, 1993. *Id.* We held that the one-year requirement under Criminal Rule 4(C) was extended during that period of delay, which was attributable to the defendant. *Id.*

Here, the State filed the charges against Miller in Cause No. 23 on January 11, 1995. When the parties filed their plea agreement with the trial court on July 26, 1995, the one-year period under Rule 4(C) was tolled, and any delay in prosecution attributable to the plea agreement is chargeable to Miller. The trial court did not err when it denied Miller's motion to dismiss Cause No. 23.

## CONCLUSION

The trial court properly determined that Miller's conviction in Cause No. 23 is void as a matter of law and, thus, the court did not err when it granted Miller's motion to dismiss the enhancement in Cause No. 278. In addition, Criminal Rule 4(C) does not bar subsequent proceedings in Cause No. 23. Thus, we conclude that the court also properly denied Miller's motion to dismiss Cause No. 23.

Affirmed.

KIRSCH and VAIDIK, JJ., concur.