Jimmy J. GRIFFIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A04–9502–PC–43.

Court of Appeals of Indiana.

Sept. 5, 1995.

Robert J. Bratch, Marion, for appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-defendant, Jimmy Griffin ("Griffin"), appeals his conviction for Operating a Motor Vehicle While Privileges are Suspended,[1] a class D felony. We reverse.

### Issue

Although, Griffin presents three issues for review, we address only the following as it is dispositive: whether the contents of the Bureau of Motor Vehicle's notice to Griffin of his license suspension sufficiently complied with the statute.

### Facts and Procedural History

On September 9, 1994, Indiana State Trooper David Haines pulled over Griffin on a routine traffic stop. Griffin produced a Nevada driver's license. After running a records check, Trooper Haines discovered that Griffin's Indiana driving privileges had been suspended for being a habitual traffic offender ("HTO").

Griffin was charged with Operating a Motor Vehicle While Privileges are Suspended. At trial, the State introduced a copy of Griffin's driving record from the BMV. The record indicated that a suspension notice had been mailed to Griffin at two addresses. The State also introduced a copy of the suspen-

1. IC 9–30–10–16.

sion notice itself, dated December 18, 1992. The notice stated that the BMV had determined from its records that Griffin was a HTO and that his license would be suspended for ten years effective January 28, 1993. Griffin was found guilty.

*Discussion and Decision*

■ The three elements of a prosecution under IC 9–30–10–16 are: (1) operating a motor vehicle; (2) while driving privileges are suspended; and (3) a showing that the defendant knew his driving privileges had been suspended as a result of his HTO status. *Stanek v. State* (1988), Ind.App., 519 N.E.2d 1263. Griffin argues there is insufficient evidence of a valid suspension because the December 18, 1992 suspension notice did not contain the advisements required by statute.

Indiana Code § 9–30–10–5 provides in pertinent part:

(a) ... the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended for thirty (30) days because the person is a habitual violator according to the records of the bureau.

\*   \*   \*   \*   \*   \*

(c) The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of a person's suspension under this chapter.

■■ Although proof of mailing is not an element of operating a motor vehicle while privileges are suspended, it is an evidentiary prerequisite to establishing that the suspension is valid as occurring 30 days after the notice of suspension. *Borton v. State* (1990), Ind.App., 563 N.E.2d 182, 183. Further, proof of the contents of the notice mailed is an evidentiary prerequisite to a valid suspension. *Bishop v. State* (1994), Ind.App., 638 N.E.2d 1278, *reh. denied.*

The December 18, 1992 suspension notice mailed to Griffin contained the following language:

The Bureau of Motor Vehicles has determined that you qualify as a habitual traffic violator (Indiana Code 9–30–10–4(B)).

Therefore, your driving privileges will be suspended for a ten year period effective Jan. 28, 1993. If our records contain a clerical error, you may request an administrative review (see enclosed form). You may be entitled to a probationary license after serving five consecutive years of this suspension. Consult your attorney for additional information.

■ Indiana Code § 9–30–10–5 requires a notice of suspension to contain two advisements. First, the notice must contain an advisement that the person may seek relief under IC 9–30–10–6. That section provides a procedure whereby a person receiving notice of an impending license suspension may file a petition with the BMV to correct any material errors that appear in the person's driving record. This type of advisement was provided to Griffin. Second, the notice must contain an advisement that the person may seek *judicial* review of the suspension determination. Indiana Code § 9–30–10–7 provides that a person determined to be a HTO may file a petition for judicial review in a circuit, superior, county, or municipal court in the county in which the person resides. This type of advisement was totally absent from the notice sent to Griffin. Therefore, the December 18, 1992 suspension notice did not sufficiently comply with IC 9–30–10–5(c).

Proof of the content of the suspension notice is an evidentiary prerequisite to a valid suspension. *Bishop*, 638 N.E.2d at 1280. The notice delivered here failed to comply with the statute. As Griffin's license suspension was invalid, his conviction of operating a motor vehicle while privileges are suspended cannot stand.

Reversed.

RILEY and NAJAM, JJ., concur.