**STATE of Indiana, Appellant–Respondent,**

v.

**Jeffrey DRYSDALE, Appellee–Petitioner.**

No. 82A01–9609–PC–305.

Court of Appeals of Indiana.

March 12, 1997.

Transfer Denied May 14, 1997.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellant.

Mark A. Foster, Evansville, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jeffrey M. Drysdale pled guilty to Operating a Motor Vehicle While Privileges are Suspended, a Class D felony. Drysdale then filed a petition for post-conviction relief and alleged that the State had failed to provide a sufficient factual basis for his guilty plea. After a hearing, the post-conviction court granted relief, and the State now appeals. The single issue presented for our review is whether the post-conviction court erred when it granted Drysdale's petition for post-conviction relief.

We reverse.

### FACTS

On December 2, 1992, the Indiana Bureau of Motor Vehicles ("BMV") found Drysdale to be an habitual traffic offender and suspended his license. On March 16, 1993, Drysdale was charged with Operating a Motor Vehicle While Privileges are Suspended, a Class D Felony.[1] Drysdale pled guilty to that charge, and the court sentenced him to two years' probation and suspended his driver's license for life.

Drysdale then filed a petition for post-conviction relief, arguing that the State had not demonstrated an adequate factual basis for his guilty plea. Specifically, Drysdale contended that the State had failed to prove that it had notified him of his right to judicial review as required by Indiana Code § 9–30–

---

1. The elements of this crime are: (1) operating a motor vehicle; (2) while privileges are suspended; and (3) a showing that the defendant knew that his driving privileges had been suspended as a result of his habitual traffic offender status. IND. CODE § 9–30–10–16.

10–5.[2] At his post-conviction hearing, Drysdale admitted that he had received a notice letter from the BMV in 1992 but that he could not recall its contents. Additionally, he stated that he had received a second letter from the BMV in November or December of 1995[3] which specifically informed him of his right to judicial review. The post-conviction court found that the BMV had not properly adjudged Drysdale to be an habitual traffic offender, that his suspension was void as a result, and that his conviction for driving with a suspended license should therefore be reversed. The State appeals from that decision.

## DISCUSSION AND DECISION

■ A post-conviction proceeding is a special quasi-civil remedy whereby a defendant can present an error which, for various reasons, was not available or known at the time of the original proceedings. *Lowery v. State,* 640 N.E.2d 1031, 1036 (Ind.1994). Post-conviction proceedings are totally separate and distinct from the underlying criminal proceedings. *Gould v. State,* 578 N.E.2d 382, 384 (Ind.Ct.App.1991), *trans. denied.* Post-conviction proceedings are governed by the rules and statutes applicable to civil proceedings and the petitioner has the burden of proving his claims by a preponderance of the evidence. Ind. Post–Conviction Rule 1 § 5; *Followell v. State,* 578 N.E.2d 646, 648 (Ind. 1991).

■ When the State appeals from an order granting post-conviction relief, the standard of review for a negative judgment does not apply. *State v. Lime,* 619 N.E.2d 601, 603 (Ind.Ct.App.1993), *trans. denied.* The post-conviction court's judgment may not be set aside unless the findings or judgment is clearly erroneous and due regard shall be given to the opportunity of the post-conviction court to judge the credibility of the witnesses. *See* Ind. Trial Rule 52(A); *Lime,* 619 N.E.2d at 603.

■ On appeal, the State contends that the post-conviction court erred when it found that there was an inadequate factual basis for Drysdale's plea. Specifically, the State argues that by pleading guilty, Drysdale relieved the State of its burden to comply strictly with the statutory notice requirement. We agree with both contentions.

In *Griffin v. State,* 654 N.E.2d 911, 912 (Ind.Ct.App.1995), we held that to show a valid suspension under Indiana Code § 9–30–10–5, the State must prove the content of the notice sent to the suspended driver.

> Although proof of mailing is not an element of operating a motor vehicle while privileges are suspended, it is an evidentiary prerequisite to establishing that the suspension is valid as occurring 30 days after the notice of suspension. Further, proof of the contents of the notice mailed is an evidentiary prerequisite to a valid suspension.

*Id.* (citations omitted). We further stated that the notice must inform the driver of his right to judicial review. *Id.* If the State is unable to meet this evidentiary burden at trial, a conviction for operating a motor vehicle while privileges are suspended cannot be sustained. *Id.*

Unlike the defendant in *Griffin,* Drysdale pled guilty to the offense. Indiana Code § 35–35–1–3(b) provides that "[t]he court shall not enter judgment upon a plea of guilty ... unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea." Because a guilty plea constitutes a waiver of constitutional rights, a trial court has a duty to evaluate the validity of every plea before accepting it. *Butler v. State,* 658 N.E.2d 72, 75 (Ind.1995); *Stowers v. State,* 266 Ind. 403, 409, 363 N.E.2d 978, 982

**2.** Indiana Code § 9–30–10–5 states in relevant part:

> [T]he [BMV] shall mail notice to the person's last know address that informs the person that the person's driving privileges will be suspended for thirty (30) days because the person is a habitual violator according to the records of the bureau.

\* \* \* \* \*

> The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of a person's suspension under this chapter.

**3.** The letter was dated November 30, 1995.

(1977).[4]  A factual basis exists when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty.  *Id.* Relatively minimal evidence has been held adequate. *See, e.g., Lowe v. State,* 455 N.E.2d 1126, 1129 (Ind.1983).

■   Here, the trial court solicited the following testimony from Drysdale at his guilty plea hearing:

> BY THE COURT:  You have been charged by Information with Operating a Motor Vehicle After Having Been Adjudged an Habitual Traffic Offender, a Class D felony.   The Information alleges that you did operate a motor vehicle, to-wit . . . after having been declared an habitual traffic offender by the [BMV] on December 2, 1992. . . .  Do you understand the nature and consequences of the charge which are set out in Count I which I have read to you?
>
> A.   Yes.

* * * * *

> BY THE COURT:  You understand by entering a plea of guilty you're admitting that the facts and allegations contained in the Information are true and correct?
>
> A.  Yes, sir.
>
> BY THE COURT:  Is it true and correct that you had been declared an habitual traffic offender by the [BMV] on December 2, 1992?
>
> A. Yes, sir.
>
> BY THE COURT:  And did you receive notification by the bureau of that fact:
>
> A. Yes, sir.

> BY THE COURT:  So you knew that you had been declared an habitual traffic offender and you were not supposed to be operating a motor vehicle; is that correct:
>
> A. Yes, sir.

* * * * *

> BY THE COURT:  By your plea you're . . . relieving the State of its burden. The State will not be required to introduce any evidence to prove you guilty beyond a reasonable doubt but the court will find you guilty based upon your plea and the admissions that you make during the course of this hearing.   Do you understand that?
>
> A. Yes, sir.

Record at 46–53.

A proper factual basis may be established where the defendant admits the truth of the allegations contained in the information read in open court or where the defendant indicates that he understands the nature of the crime charged and that his guilty plea constitutes an admission of the charge.  *Silvers v. State,* 499 N.E.2d 249, 253 (Ind.1986).  As we stated in *Griffin,* "proof of mailing is not an element of operating a motor vehicle while privileges are suspended."  *Griffin,* 654 N.E.2d at 912.  Here, the record reveals that Drysdale admitted to the substantive elements of the crime charged in the Information.   He knew that his license had been suspended and that as a result he was prohibited from operating a motor vehicle.   In the context of a guilty plea, the State was not required to prove the specific contents of the notice letter.   Thus, Drysdale's testimony established a proper factual basis for the trial court's acceptance of his guilty plea.

* * * * *

> Obviously, a court need not find evidence proving guilty beyond a reasonable doubt to conclude that a factual basis exists. . . .   Such a high standard would transform the guilty plea hearing into a veritable bench trial, the very process that one pleading guilty seeks to avoid.
>
> *Butler,* 658 N.E.2d at 76–77 (citations omitted).

---

4.  In *Butler,* our supreme court stated:

> Despite the wealth of writing on the benefits of the factual basis requirement, court decisions and statutes specifying the "precise quantum of evidence" constituting "factual basis" are nonexistent. . . .   This is because a finding of factual basis is a subjective determination that permits a court wide discretion—discretion that is essential due to the varying degrees and kinds of inquiries required by different circumstances.

Further, the factual basis for a guilty plea need not be established beyond a reasonable doubt, and the State may be relieved of a strict burden to prove that factual basis. *Gumm v. State,* 655 N.E.2d 610, 613 (Ind.Ct. App.1995). A trial court's determination of an adequate factual basis, like other parts of the plea process, arrives on appeal with a presumption of correctness. *Butler,* 658 N.E.2d at 77; *see also Centers v. State,* 501 N.E.2d 415 (Ind.1986). In considering a petition for post-conviction relief, the trial court should review claims of error regarding the factual basis for a guilty plea under an abuse of discretion standard. *Butler,* 658 N.E.2d at 77.

In sum, we conclude that the State was not required to prove the specific contents of the notice letter as an element of the charge, that Drysdale's admissions established an adequate factual basis for his plea, and that the trial court did not abuse its discretion in accepting his plea. Therefore, the court erred when it granted Drysdale's petition for postconviction relief.

Reversed.

ROBERTSON and BAKER, JJ., concur.