Charles L. PEBLEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A02–9609–CR–558.

Court of Appeals of Indiana.

Oct. 20, 1997.

William C. Menges, Jr., Howard County Public Defender, Kokomo, for Appellant–Defendant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Charles L. Pebley appeals his conviction for Driving While Suspended as a Habitual Traffic Violator, a Class D Felony. After being stopped by Kokomo police on October 26, 1995, a records check revealed that Pebley's driver's license was suspended. Pebley was arrested, convicted of Driving While Suspended as a Habitual Traffic Violator and sentenced to three years imprisonment with eighteen months executed and eighteen months suspended. Pebley raises several issues on appeal, one of which is dispositive:

whether Pebley's license suspension was invalid due to lack of an advisement that Pebley could seek judicial review in the notice of suspension mailed by the Bureau of Motor Vehicles.

We reverse.

The three elements of Driving While Suspended are: (1) operating a motor vehicle; (2) while driving privileges are suspended; and (3) a showing that the defendant knew his driving privileges were suspended. *Griffin v. State,* 654 N.E.2d 911, 912 (Ind.Ct.App.1995). In order to effectively suspend a defendant's license, Indiana Code § 9–30–10–5 (1992) requires:

(a) ... the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days....

\*    \*    \*    \*    \*    \*

(c) The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter.

Both proof of mailing and proof of the contents of the notice are evidentiary prerequisites to establishing a valid license suspension. *Griffin,* 654 N.E.2d at 912; *Bishop v. State,* 638 N.E.2d 1278 (Ind.Ct.App.1994), *reh. denied; Borton v. State,* 563 N.E.2d 182, 183 (Ind.Ct.App.1990).

The July 21, 1994 suspension notice mailed to Pebley, which is identical to the notice found insufficient in *Griffin,* contained the following language:

The Bureau of Motor Vehicles has determined that you qualify as a Habitual Traffic Violator (Indiana Code § 9–30–10–4(B)). Therefore, your driving privileges will be suspended for a ten year period effective AUG 31, 1994. If our records contain a clerical error, you may request an administrative review (see enclosed form). You may be entitled to a probationary license after serving five consecutive years of this suspension. Consult your attorney for additional information. Record at 94.

Indiana Code § 9–30–10–5 requires that a notice of suspension contain two advisements. *Griffin*, 654 N.E.2d at 912. First, the notice must contain an advisement that the person may seek relief under Indiana Code § 9–30–10–6 (1992). *Id.* That section provides a procedure whereby a person receiving notice of an impending license suspension may file a petition with the BMV to correct any clerical errors that appear· in the person's ·driving record. *Id.* This type of advisement was provided to Pebley.

■ Second, the notice must contain an advisement that the person may seek judicial review of the suspension determination. *Id.* Indiana Code § 9–30–10–7 (1992) provides that a person determined to be a Habitual Traffic Violator may file a petition for judicial review in a circuit, superior, county, or municipal court in the county in which the person resides. *Id.* This type of advisement was absent from the notice sent to Pebley. Therefore, the July 21, 1994 suspension notice did not sufficiently comply with IC 9–30–10–5(c). *Id.* "Proof of the content of the suspension notice is an evidentiary prerequisite to a valid suspension. The notice delivered here failed to comply with the statute. As [the defendant's] license suspension was invalid, his conviction of· operating a motor vehicle while privileges are suspended cannot stand." *Griffin*, 654 N.E.2d at 912 (citation omitted).

The state makes two arguments against application of *Griffin*. First, the State argues that *Griffin* should be overruled. Second, the State contends that it did sufficiently ·apprise Pebley of his right to judicial review under IC 9–30–10–7.

The State argues that *Griffin* should be overruled ·because proof of the contents of the BMV's notice of suspension is not an element of the crime· of Driving While Suspended. The State contends that the defense of an invalid suspension therefore amounts to a collateral attack on the BMV's underlying Habitual Traffic Violator determination.

The State's argument is erroneous. A necessary element of the crime of Driving While Suspended is that a defendant's driver's license be *validly* suspended. *Fields v.*

*State,* 679 N.E.2d 898, 900 (Ind.1997) (" 'If there is no valid suspension, then a driver cannot lawfully be convicted of Operating a Motor Vehicle After License Suspended as an Habitual Traffic Violator' ") (quoting *Brown v. State,* 677 N.E.2d 517, 519 (Ind. 1997)); *Loe v. State,* 654 N.E.2d 1157, 1158 (Ind.Ct.App.1995) ("An element of the offense of driving while suspended as an habitual traffic offender is a valid suspension.") For a suspension to be valid, the BMV must comply with the three requirements of IC 9–30–10–5: (1) a notice of suspension must be mailed to a defendant's last known address; (2) the notice must contain an advisement that the defendant has the right to administrative review through the BMV; and (3) the notice must contain an advisement that the defendant has the right to judicial review of the BMV's determination in a county court. IC 9–30–10–5. Since proof of a valid suspension is required as an element of the crime of driving while suspended, an evidentiary prerequisite to conviction for this crime is proof of mailing the notice of suspension to the defendant's last known address and proof of the contents of the BMV's notice of suspension.

Nor does this evidentiary prerequisite amount to a collateral attack on the BMV's Habitual Traffic Violator determination. The determination of whether Pebley is a Habitual Traffic Violator, a determination that relies on the validity of underlying convictions, is separate from the question of whether the suspension of Pebley's license was valid. In this case, Pebley does not challenge the underlying convictions supporting his classification as a Habitual Traffic Violator. Rather, Pebley contests the validity· of ·his license suspension after he was determined to be a Habitual Traffic Violator. As this is a necessary element of the crime, there is no collateral attack.

■ The State's second line of argument is that it has in fact met the requirements of *Griffin*. The State contends that a letter dated November 30, 1995, mailed to Pebley more than a year after the notice of suspension and a month after Pebley's arrest for Driving While Suspended, met the State's

burden under *Griffin* by correcting any defects in the notice originally mailed to Pebley. That letter states:

> Previously the Indiana Bureau of Motor Vehicles sent you a notice stating that you qualified for Habitual Traffic Violator status pursuant to IC 9–30–10–4 and that your driver's license would accordingly be suspended for the time period provided for by law. That notice informed you of procedures for contesting administratively the determination of Habitual Traffic Violator status in the event of material error in your official driver record.
>
> The purpose of this letter is to clarify that you are also entitled to seek judicial review of your suspension directly under IC 9–30–10. . . .

Record at 94.

The notice required by IC 9–30–10–5 must be given to provide an accused "the opportunity to present such defenses as are available to him" to protect the "important interests" the accused has in his license. *State v. Martin*, 484 N.E.2d 1309, 1313 (Ind.App.1985) (The Fourteenth Amendment of the United States Constitution requires notice to defendants to afford them the opportunity to present whatever defenses are available to them before their license can be suspended) (quotations omitted). "It is well-established that the purpose of notice is to inform the interested party of the nature of the action and the opportunity to make a defense. It follows then that if the notice sent by the BMV fails to properly inform the defendant of the suspension and the defendant's rights to seek review, the suspension is not valid." *Loe*, 654 N.E.2d at 1159 (citations omitted). The notice of license suspension must give a defendant the opportunity to present such defenses as are available to him before the license is suspended. *Martin*, 484 N.E.2d at 1314. Here, the November 30, 1995 letter had only historic value as it did not advise Pebley that he could have defended against the license suspension until a year after the State had already suspended his license and after he was already being prosecuted for violating that suspension. Therefore, the letter did not provide the required notice and did not correct the defects of the original notice.

Lastly, the State contends that the advisement, "If our records contain a clerical error, you may request an administrative review (see enclosed form)," is sufficient to apprise Pebley that he had a right to judicial review of his license suspension in a circuit, superior, county, or municipal court in the county where he resides. The State argues that this statement, considered along with the enclosed form, provides the required advisement. We disagree.

The attached form begins: *"REQUEST FOR A NON–HEARING ADMINISTRATIVE REVIEW*/The Bureau of Motor Vehicles does not have the authority to change your suspension unless your driving record contains a clerical error. If you believe your driving record contains a clerical error, you may complete this form and return it to" the BMV. Record at 94. The bottom of the form concludes:

> The Bureau of Motor Vehicles will make a written determination with notice to you within (30) days of receipt of this request. This request will in no way postpone your the effective date of suspension.
>
> An unfavorable determination is subject to judicial review in any municipal, county, superior or circuit court in your county of residence.

■ This form indicates only that Pebley could petition the BMV through this form to correct a clerical error, and that the BMV's determination of whether or not Pebley's record contained a clerical error could then be contested in court. Absent is the advisement that Pebley had the right to judicial review under IC 9–30–10–7, a review allowing Pebley to present to a court any defenses available to him, a remedy not limited to the BMV's administrative consideration of clerical errors.

Reversed.

GARRARD and RILEY, JJ., concur.