**Derrick THOMAS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A05–9708–CR–362.**

Court of Appeals of Indiana.

March 10, 1998.

Matthew J. Elkin, Kokomo, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant Derrick Thomas appeals his conviction for Driving While Suspended as an Habitual Traffic Violator,[1] a Class D felony. Specifically, he claims that the Bureau of Motor Vehicles (BMV) failed to give him adequate notice of his right to judicial review of his driver's license suspension.

The facts most favorable to the judgment reveal that Thomas' vehicle was pulled over by an officer of the Kokomo Police Department on February 5, 1997. Following a records check, the officer discovered that Thomas' driver's license had been suspended on February 28, 1995, due to Thomas' status as an habitual traffic offender. As a result, Thomas was arrested and charged with Driving While Suspended as an Habitual Traffic Violator, a Class D felony. Following a jury trial on May 16, 1997, Thomas was convicted as charged and sentenced to three years imprisonment, all of which was suspended, with one year to be served on in-home detention.

Prior to his arrest, the BMV had informed Thomas that his license had been suspended in a letter dated January 18, 1995. However, the letter did not advise him of his right to judicial review with respect to the BMV's determination that he was an habitual traffic offender. Nonetheless, on November 30, 1995, the BMV sent Thomas additional correspondence which informed him of his right to judicial review. Thomas now appeals, claiming that because the January 18, 1995 correspondence from the BMV failed to advise him of his right to judicial review, as required by IND. CODE § 9–30–10–5,[2] his conviction must be reversed.

In support of his contention, Thomas relies upon this court's holding in *Pebley v. State*, 686 N.E.2d 168 (Ind.Ct.App.1997). In *Pebley*, the defendant was charged and convicted for Driving While Suspended as an Habitual Traffic Violator, a Class D felony. On appeal, the defendant argued that the notice that he received from the BMV failed to timely inform him that he could seek judicial review of his suspension. This court agreed and reversed his conviction. Initially, we noted that the purpose of giving a person notice of the license suspension is to give him "the opportunity to present such defenses as are available to him to protect the 'important interests' the accused has in his license." *Id.* at 171, quoting *State v. Martin*, 484 N.E.2d 1309, 1313 (Ind.Ct.App.1985), *trans. denied.* We then concluded that the BMV's notice of suspension was invalid because it advised the defendant of his right to judicial review, only "after the State had already suspended his license and after he was already being prosecuted for violating that suspension." *Id.* at 171.

Unlike the defendant in *Pebley*, Thomas received notice of his right to judicial review nearly fifteen months before he was arrested. Moreover, Thomas admitted that he thought his license may have been suspended at the time of his arrest. Record at 292. Thus, Thomas had the opportunity but failed to seek judicial review and challenge his status as an habitual traffic violator. Therefore, Thomas received adequate notice of his right to judicial review.[3]

Judgment affirmed.

NAJAM and RILEY, JJ., concur.

---

1. IND. CODE § 9–30–10–16.

2. Pursuant to the statute, the notice "must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter." I.C. § 9–30–10–16.

3. Thomas also claims for the first time in his reply brief that the letter which the BMV sent to him on November 30, 1995 was deficient because it was not mailed to his last known address. However, Thomas did not object at trial when this notice was offered into evidence. As a result, he has waived this issue on appeal. *See Allen v. State*, 686 N.E.2d 760 (Ind.1997).