James D. WILSON, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 55A01–9803–PC–92.

Court of Appeals of Indiana.

March 16, 1999.

Laura S. Cohen, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Baumgartner, Deputy Attorney General Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

STATON, Judge

James D. Wilson appeals the denial of his petition for post-conviction relief. Wilson alleged in his petition that the trial court failed to establish an adequate factual basis for his guilty plea. He raises one issue on appeal, which we restate as: whether the post-conviction court erred by denying his petition.

We reverse and remand with instructions.

Wilson pleaded guilty to operating a motor vehicle after having been determined to be an habitual traffic offender ("HTO"). The relevant portion of Wilson's plea hearing follows:

COURT: You understand that the charge to which you are pleading guilty is Driving After Finding of Habitual Traffic Offender and the State of Indiana must prove the elements of that crime beyond a reasonable doubt. They are that on October 13, 1987, in the County of Morgan, State of Indiana, you unlawfully drove and operated a motor vehicle while there was an order entered by the Bureau of Motor Vehicles, Indianapolis, Marion County, Indiana on the 24th day of August 1987 adjudging James D. Wilson an Habitual Traffic Offender pursuant to IC 9–12–1–4, which was in full force and effect on the 24th day of August, 1987[?]

[WILSON]: Yes.

COURT: You understand by pleading guilty you are admitt[ing] the truth of all those allegations?

[WILSON]: Yes.

. . .

PROSECUTOR: I'm going to read some information to you and then ask you some questions based on what I've read. Steven Hibler says James D. Wilson on or about the 13th day of October, 1987, at and in the County of Morgan, State of Indiana, did then and there unlawfully drive and operate a motor vehicle while an order entered by the Bureau of Motor Vehicles, Indianapolis, Marion County, Indiana on the 24th day of August, 1987 adjudging James D. Wilson a Habitual Traffic Offender pursuant to Indiana Code 9–12–1–4 was in full force and effect as of the 24th day of August, 1987. Are the facts that I've just read to you correct?

[WILSON]: Yes Sir.

PROSECUTOR: And you are suspended for ten years?

[WILSON]: Yes Sir.

Record at 61–62, 70–71.

■ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993), *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

■■ Wilson argues that the post-conviction court erred by denying his petition for post-conviction relief because the trial court failed to establish an adequate factual basis for his guilty plea. A trial court may not accept a guilty plea unless a sufficient factual basis has been established for the plea. IND. CODE § 35–35–1–3(b) (Supp.1987). "A factual basis exists when there is evidence about the elements of a crime from which a court could reasonably conclude that the defendant is guilty." *State v. Drysdale,* 677 N.E.2d 593, 596 (Ind.Ct.App.1997), *trans. denied.* The factual basis of a guilty plea need not be established beyond a reasonable doubt. *Id.* at 597. "Relatively minimal evidence has been held adequate." *Id.* at 596.

■ ▪ The elements of operating a motor vehicle after having been determined to be an HTO are: 1) operating a motor vehicle; 2) while driving privileges are suspended; and 3) a showing that the defendant knew his driving privileges had been suspended as a result of having been determined to be an HTO. *Bishop v. State,* 638 N.E.2d 1278, 1279 (Ind.Ct.App.1994), *reh. denied;* IND.CODE § 9–12–3–1 (Supp.1987). Wilson argues, and we agree, that the transcript of the guilty plea hearing reveals no factual basis regarding the third element.

■ The third element is the *mens rea* element of the crime. *Burdine v. State,* 510 N.E.2d 1385, 1388–89 (Ind.Ct.App.1987), *trans. denied.* The defendant must have known, at the time he operated the vehicle, that his driving privileges had been suspended because of his HTO adjudication. In order to prove this element, the State must "show either that the defendant had actual knowledge that he had been adjudged an habitual traffic offender or that notice of the impending suspension had been mailed by the commissioner of the BMV to the defen-

dant's last known address . . . ." *Id.* at 1389. Although the quantum of proof necessary to establish a factual basis is lower than that required to establish guilt beyond a reasonable doubt, some minimal evidence regarding each element must be presented. *Drysdale,* 677 N.E.2d at 596–97.

■ Here, Wilson admitted that his license was suspended as an HTO and that he operated a motor vehicle during the period of this suspension. However, the transcript of the guilty plea hearing reveals no evidence to establish that Wilson knew, on the date he was found driving, that his license was suspended. Wilson was not asked to admit this factual allegation. Wilson's admission, at the guilty plea hearing, that his license was suspended for ten years and that it had been suspended prior to his having operated a vehicle does not establish that he knew of the suspension on the day he was found driving. Too, the State failed to present independent evidence that would have established this knowledge, such as proof that a notice of suspension had been mailed to Wilson's last known address.

The State cites two cases, *State v. Drysdale* and *Gumm v. State,* 655 N.E.2d 610 (Ind.Ct.App.1995), in support of its argument that an adequate factual basis was established regarding this element. In *Drysdale,* the trial court specifically asked the defendant whether he knew that he had been declared an HTO and that he was not supposed to be driving, to which the defendant responded that he did. The trial court also asked the defendant whether he had received notice of the suspension from the BMV, to which the defendant responded affirmatively. Wilson was asked no such questions.

In *Gumm,* this court quoted a portion of the guilty plea hearing in which the defendant's factual admissions were quite similar to those made by Wilson at his hearing. However, it is apparent from the court's subsequent observation that it did not quote all of the relevant transcript. The court observed that "the version of the events read by the Prosecutor included the allegation that Gumm's license was suspended while he drove; Gumm responded that those allegations were accurate." *Gumm,* 655 N.E.2d at 613. The portion of the transcript from which the court paraphrased may have been sufficient to establish a factual basis regarding the *mens rea* element. Because we cannot know precisely what the transcript revealed, we are unwilling to read *Gumm* as definitive authority for the proposition that Wilson's admissions constituted a sufficient factual basis.

We cannot conclude from the transcript of the guilty plea hearing that Wilson knew, at the time he was found driving, that his license had been suspended due to his adjudication as an HTO. Accordingly, an adequate factual basis was not established. Wilson requests that his conviction be vacated. We do not believe such a remedy is required.

■ In the case of *State v. Eiland,* 707 N.E.2d 314, 317 (Ind.Ct.App. 1999), we held that the failure to establish a factual basis for a guilty plea does not require that the conviction be vacated in every case. A post-conviction petitioner must, in addition to proving the lack of a factual basis, also prove that he was prejudiced by the lack of a factual basis. *Id.* Evidence proving that the petitioner did not commit the crime would meet this burden. *Id.* Here, such evidence might take the form of testimony by Wilson that he did not have knowledge of his suspension at the time he was found driving. Of course, it would remain the function of the post-conviction court to judge the credibility of such testimony. Too, the State could rebut any such testimony by presenting evidence that the BMV mailed a valid notice of suspension to Wilson.

We hold that an adequate factual basis was not established. We reverse and remand with instructions that the post-conviction court hold an additional hearing, at which Wilson shall be given the opportunity to prove prejudice resulting from the inadequate factual basis.

Reversed and remanded with instructions.

RILEY, J., and BROOK, J., concur.