Paul ETTER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 79A05–9811–PC–571.

Court of Appeals of Indiana.

May 27, 1999.

**940**

James A. Gothard, Bennett, Boehning & Clary, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

### OPINION

STATON, Judge

Paul Etter appeals the denial of his petition for post-conviction relief. Etter raises one issue on appeal, which we restate as: whether the post-conviction court erred by denying his petition.

We affirm.

The Indiana Bureau of Motor Vehicles ("BMV") suspended Etter's driving privileges for ten years on May 22, 1992 because it determined he was an habitual traffic violator. The BMV mailed Etter a notice of this suspension on April 13, 1992; however, the notice did not inform Etter that he had the right to judicial review of his suspension. On March 1, 1994, the State charged Etter with Driving While Suspended as an Habitual Traffic Violator ("Driving While Suspended"). Etter pleaded guilty to the charge, and he was convicted on August 29, 1994.

Etter filed a petition for post-conviction relief on September 2, 1998, alleging that insufficient evidence supported his conviction. Specifically, Etter alleged that his license was not validly suspended on the date he was found driving because he had not been notified of his right to seek judicial review of the suspension. The post-conviction court denied Etter's petition. Etter filed a motion to reconsider, which the trial court denied. This appeal ensued.

Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

Etter argues that the post-conviction court erred by denying his petition. Etter contends that his conviction is contrary to law because a person cannot be convicted of Driving While Suspended where his license was not validly suspended. Furthermore, Etter contends that his license was not validly suspended because, at the time he was found driving, he had not been informed of his right to seek judicial review of his suspension.

The elements of Driving While Suspended are: (1) operating a motor vehicle; (2) while driving privileges are suspended; and (3) a showing that the defendant knew his driving privileges were suspended. *Pebley v. State*, 686 N.E.2d 168, 169 (Ind.Ct.App. 1997). A person cannot be convicted of Driving While Suspended unless his license has been validly suspended. *Fields v. State*, 679 N.E.2d 898, 900 (Ind.1997); *Brown v. State*, 677 N.E.2d 517, 519 (Ind.1997). A person

must, among other things, be notified of his suspension and of his right to seek judicial review of the suspension in order for his license suspension to be valid. *Pebley,* 686 N.E.2d at 169; IND.CODE § 9–30–10–5 (1993). This court has held that the State's failure to prove that a defendant was notified of his right to seek judicial review results in the evidence being insufficient to sustain a conviction for Driving While Suspended. *Pebley,* 686 N.E.2d at 170; *Griffin v. State,* 654 N.E.2d 911, 912 (Ind.Ct.App.1995).

■ Citing *Pebley* and *Griffin,* Etter argues that his conviction must be vacated. Etter fails to recognize the important distinction between those cases and his. The defendants in *Pebley* and *Griffin* were convicted following a trial at which the State had the burden of proving each of the elements of Driving While Suspended beyond a reasonable doubt. Etter pleaded guilty, thereby relieving the State of its burden. *State v. Drysdale,* 677 N.E.2d 593, 597 (Ind.Ct.App. 1997), *trans. denied.* Instead of proving the elements beyond a reasonable doubt, the State was required to establish a factual basis for Etter's plea as mandated by IND. CODE § 35–35–1–3(b) (1993). Accordingly, Etter cannot challenge his conviction on the basis of insufficient evidence. He must prove that an inadequate factual basis exists for his plea and that he is prejudiced by the lack of a factual basis. *State v. Eiland,* 707 N.E.2d 314 (Ind.Ct.App.1999).

In *State v. Drysdale,* this court considered a similar case. Like Etter, the petitioner in *Drysdale* pleaded guilty to Driving While Suspended even though he had not been informed of his right to seek judicial review of his license suspension. This court held that an adequate factual basis was established where Drysdale admitted that he committed the substantive elements of the crime charged in the information, that he knew his license had been suspended, and that he knew he was prohibited from operating a motor vehicle. *Drysdale,* 677 N.E.2d at 596. We specifically held that in the context of a guilty plea hearing the State was not required to prove the contents of the notice letter. *Id.*

■ In his effort to convince us that the post-conviction court erred, Etter relies exclusively on his allegation that he was not notified of his right to seek judicial review of his license suspension. *Drysdale* establishes that even if Etter could prove this fact, such proof would not indicate that a factual basis did not exist for Etter's plea. Accordingly, we conclude that the post-conviction court did not err by denying Etter's petition.

Affirmed.

FRIEDLANDER, J., concurs.

BAILEY, J., dissents with separate opinion.

BAILEY, Judge, dissenting,

I respectfully dissent. As noted by the majority, proof of a valid suspension is an essential element of the offense of driving while suspended due to HTV status. *Fields v. State,* 679 N.E.2d 898, 901 n. 6 (Ind.1997); *Brown v. State,* 677 N.E.2d 517, 519–20 (Ind. 1997). Moreover, in order to prove a valid suspension, the State must prove that the BMV mailed the notice of suspension mandated by IND.CODE § 9–30–10–5. *Id.* Finally, the notice of suspension mandated by IND. CODE § 9–30–10–5 must inform the driver of the right to seek judicial review of the suspension. *Pebley v. State,* 686 N.E.2d 168, 169 (Ind.Ct.App.1997).

Therefore, proof of the mailing required by statute is, in effect, an essential element of the offense. However, I believe that had the General Assembly intended that proof of mailing be an essential element of the crime of driving while suspended as an HTV as proscribed by IND.CODE § 9–30–10–16, it would have been included as an element in the statute. *See Fennell v. State,* 698 N.E.2d 823, 825–26 (Ind.Ct.App.1998) (the "evidentiary prerequisite" of mailing is a foundational concept and not an essential element).

Nevertheless, being constrained to follow supreme court precedent, I must dissent. In the present post-conviction proceedings, the evidence is undisputed that Etter proved that the notice provided by the BMV did not include notice of the right to seek judicial review. Therefore, Etter has proved that his

license was not validly suspended, an essential element of the crime.

Thus, Etter has carried his burden of proof by demonstrating that he was not guilty of the charged crime. *See Butler v. State,* 658 N.E.2d 72, 78 (Ind.1995) (where the post-conviction petitioner challenges a guilty plea on the basis of factual sufficiency, he must establish that he was not guilty of the charged crime); *See also Weatherford v. State,* 619 N.E.2d 915, 918 (Ind.1993) (where post-conviction petitioner challenges the sufficiency of evidence supporting his habitual offender adjudication, he must demonstrate that he was not an habitual offender under the laws of the state). Accordingly, I would hold that Etter has established his entitlement to post-conviction relief.