**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 05 2014, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**De'CARLOS FREEMAN**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| De'CARLOS FREEMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1310-PC-547 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable David C. Bonfiglio, Judge
Cause No. 20D06-1302-PC-11

**December 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

De'Carlos Freeman, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. Freeman raises several issues for review, which we have restated as: 1) whether the post-conviction court erred in denying his motion for discovery; 2) whether Freeman's guilty plea was voluntary, intelligent, and knowing; 3) whether Freeman was denied effective assistance of trial counsel; 4) whether he was erroneously sentenced in violation of the Indiana Double Jeopardy Clause; and 5) whether the trial court denied Freeman the right of allocution. Concluding that the post-conviction court did not err in denying Freeman's petition for post-conviction relief, we affirm.

## Facts and Procedural History

While driving in his patrol car, Officer Michael Davis of the Elkhart Police Department observed Freeman riding a moped down Fourth Street. Officer Davis saw Freeman swerve in his lane and almost fall over twice. Officer Davis then observed Freeman make a right turn into an alley without properly using his signal. Officer Davis believed Freeman to be impaired, and he pulled Freeman over. Freeman immediately put his hands into his pockets, and after Officer Davis commanded Freeman to keep his hands up, Freeman fled on his moped. Officer Davis pursued Freeman in his patrol car and also dispatched other officers in the area. Freeman eventually lost control, crashed the moped, and fled on foot. Once the officers caught up with Freeman, he physically struggled with them during the arrest. Freeman was eventually apprehended with the use of a K-9 and a taser.

The State charged Freeman with receiving stolen property, a Class D felony; resisting law enforcement, a Class D felony; and resisting law enforcement, a Class A misdemeanor. After his initial hearing on July 1, 2001, a public defender ("Counsel") was appointed to represent Freeman. Counsel met with Freeman at the Elkhart County Jail. On October 12, 2011, at the advice of Counsel, Freeman pled guilty to both counts of resisting law enforcement in exchange for the dismissal of the receiving stolen property charge. No written copy of the plea agreement was submitted to the court, and sentencing was scheduled for November 9, 2011.

During the course of Freeman's legal proceedings, he and Counsel communicated by letter on numerous occasions. In his letters, Freeman made several claims of innocence. Although Freeman pled guilty on October 12, 2011, he received a letter from Counsel dated November 4, 2011, which stated:

> The investigator has measured the are [sic] from Harrison where you pulled into the alley. I have provided you with a map so that you can ensure me that the area marked is where you went. If that is the case, it is only 115 feet from Harrison to that point. Therefore, you could not have turned your signal on 200 ft prior. The statute would [sic] says you have to turn it on 200 ft prior to the turn.
> I spoke with the prosecutor. I told him my position is that if you were not able to comply with the statute, then you can't be pulled over for it and therefore, everything else should be dismissed. His argument at this point is that even if the stop was not legal, that you committed an independent crime after being stopped (by fleeing on the scooter) and therefore you are still responsible for your conduct. Had you not taken off, and only received a ticket for failure to turn in time, then because you could not comply with the statute, the ticket would have to be thrown out.
> I am, at this point, trying to do some research on the issue as to whose position is right. Unfortunately, so far, the legal authorities I have reviewed have sided with the prosecutor, but I will let you know as soon as I find something out.

3

Appellant's Appendix at 98. Freeman was sentenced on November 9, 2011. He neither spoke nor asked to speak at the sentencing hearing. Freeman appealed, claiming that his guilty plea was not in writing as required by Indiana Code section 35-35-3-3. This court affirmed his conviction on March 30, 2012. Freeman v. State, Cause No. 20A04-1111-CR-619, slip op. at 2 (Ind. Ct. App., March 30, 2012) (holding that the verbal guilty plea was valid and affirming both of Freeman's convictions).

Freeman, pro se, filed his petition for post-conviction relief on March 12, 2013. Freeman also filed with the post-conviction court a motion for discovery. The post-conviction court denied Freeman's discovery motion and held an evidentiary hearing on June 20, 2013, at which both Officer Davis and Counsel testified. Because Freeman appeared at the post-conviction hearing by video, the post-conviction court set a second hearing for July 26, 2013, to allow Freeman time to mail his proposed exhibits to the court. All exhibits, including the letters that had been exchanged with Counsel, were admitted without objection at the hearing. The post-conviction court issued findings of fact and conclusions of law denying Freeman's petition for post-conviction relief on October 11, 2013. Freeman now appeals.

## Discussion and Decision

### I. Standard of Review

"Post-conviction proceedings are civil proceedings in which the defendant must establish his claims by a preponderance of the evidence." Wilkes v. State, 984 N.E.2d 1236, 1240 (Ind. 2013) (citing Ind. Post–Conviction Rule 1(5)). "Post-conviction proceedings do not offer a super-appeal, rather, subsequent collateral challenges to

4

convictions must be based on grounds enumerated in the post-conviction rules." Id. (citation and quotation marks omitted). These challenges are limited to issues unknown at the original trial or issues unavailable on direct appeal. Id. Issues that are available on direct appeal, if not raised, are waived, and issues litigated adversely to the defendant are precluded from further review. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009).

"Because the defendant is appealing from the denial of post-conviction relief, he is appealing from a negative judgment and bears the burden of proof." Wilkes, 984 N.E.2d at 1240 (citation omitted). The defendant must show this court that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. Id. "The post-conviction court is the sole judge of the evidence and the credibility of the witnesses," Collins v. State, 14 N.E.3d 80, 86 (Ind. Ct. App. 2014) (citation omitted), and we defer to its factual findings, unless they are clearly erroneous, id. at 83.

## II. Freeman's Discovery Request

Freeman contends the post-conviction court erred by denying his motion for a copy of Counsel's client file and the prosecutor's file, which included the dash-cam video from Officer Davis's patrol car. "Trial and post-conviction courts are accorded broad discretion in ruling on discovery matters and we will affirm their determinations absent a showing of clear error and resulting prejudice." Wilkes, 984 N.E.2d at 1251. The post-conviction court found that Freeman's discovery request was improper under Indiana Trial Rule 26. The post-conviction court's order does not say, specifically, why Freeman's discovery request was improper. However, we note that Freeman has made no argument as to why

5

his request was proper.  Therefore, we cannot say the post-conviction court abused its discretion.

## III.  Freeman's Guilty Plea[1]

Freeman contends that his convictions must be vacated because his guilty plea was not voluntary, intelligent, and knowing and because there was not an adequate factual basis.

## A.  Voluntariness of Plea

Before accepting a guilty plea, the trial court must determine that the defendant understands the nature of the charges to which he is pleading, understands that the plea will waive certain rights, and understands the range of penalties he faces.  See Ind. Code § 35-35-1-2.  These statutory requirements ensure that the guilty plea "represents a voluntary and intelligent choice."  Diaz v. State, 934 N.E.2d 1089, 1094 (Ind. 2010).  "[P]ost-conviction relief is a proper vehicle for challenging a guilty plea, and we look at all evidence before the post-conviction court that supports its determination that a guilty plea was voluntary, knowing, and intelligent."  Collins, 14 N.E.3d at 85.  In this context, voluntariness is dependent "on whether the defendant knowingly and freely entered the plea . . . ."  State v. Moore, 678 N.E.2d 1258, 1266 (Ind. 1997), cert. denied, 523 U.S. 1079 (1998).

"A guilty plea entered after a trial court has reviewed the various rights that a defendant is waiving and has made the inquiries called for by statute is unlikely to be found

---

[1] We note that Freeman again argues that the trial court erred by accepting a verbal guilty plea.  We addressed the validity of Freeman's verbal guilty plea on direct appeal, see Freeman, slip op. at 2, and further review is precluded. See Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000), cert. denied, 534 U.S. 1164 (2002).

wanting in a collateral attack." Cornelious v. State, 846 N.E.2d 354, 357 (Ind. Ct. App. 2006), trans. denied. Such is the case here. During Freeman's guilty plea hearing, the trial court informed Freeman of the rights he would be waiving by pleading guilty and of the possible sentences for his crimes. Freeman confirmed he understood he was waiving certain rights, that he had not been threatened or coerced into pleading guilty, and that he understood the possible penalties for his crimes. The transcript of the guilty plea hearing does not reflect that the trial court specifically discussed with Freeman the charges against him; however, Counsel represented at the post-conviction hearing that she would have gone over the elements of the charges with him prior to the decision to enter a guilty plea. Further, Freeman affirmed he had committed an act satisfying each element of the crimes when he was questioned to establish a factual basis for his plea. It is clear from the entirety of the record, therefore, that Freeman understood the nature of the charges against him.

Because Freeman was appropriately advised prior to his guilty plea, the post-conviction court did not err by concluding Freeman's plea was knowing, intelligent, and voluntary. To the extent Freeman argues his plea was not knowing, intelligent, and voluntary because of Counsel's advice, he is making an ineffective assistance of counsel claim that we will discuss separately. See Moore, 678 N.E.2d 1266 ("Voluntariness is . . . distinct from ineffective assistance of counsel, despite some references in our cases to pleas as involuntary because not based on informed or effective counsel.").

## B. Factual Basis

Freeman also claims that his guilty plea lacked an adequate factual basis. The trial court must not accept a guilty plea unless a sufficient factual basis has been established for

7

the plea. Ind. Code § 35-35-1-3(b). "A factual basis exists when there is evidence about the elements of a crime from which a court could reasonably conclude that the defendant is guilty. The factual basis of a guilty plea need not be established beyond a reasonable doubt." Wilson v. State, 707 N.E.2d 318, 320 (Ind. Ct. App. 1999) (citation and quotation marks omitted). At the time of Freeman's offenses, Indiana Code section 35-44-3-3 provided:

> (a) A person who knowingly or intentionally:
>     ***
>     (3) flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop;
> commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).
> (b) The offense under subsection (a) is a:
>     (1) Class D felony if:
>         (A) the offense is described in subsection (a)(3) and the person uses a vehicle to commit the offense . . . .

Ind. Code § 35-44-3-3(a)-(b) (2011).

While Freeman was under oath at the guilty plea hearing, Counsel and Freeman engaged in the following colloquy:

> [Counsel]: DeCarlos, on June 25 of this year, were you in Elkhart County in the State of Indiana?
> Freeman: Yes.
> [Counsel]: On that date, do you admit that you fled from a law enforcement officer on a moped?
> Freeman: Yes.
> [Counsel]: And you knew that he was a police officer? Is that correct?
> Freeman: Yes.
> [Counsel]: And you knew he was trying to stop you or approach you to talk to you?
> Freeman: Yes.

8

[Counsel]: Also, on that same date, do you admit that you resisting physically a police officer in his attempt to arrest you?

Freeman: Yes.

Exhibit M at 5-6. Freeman admitted to the facts necessary for proving the elements of resisting law enforcement. Accordingly, there was a sufficient factual basis for the trial court to accept Freeman's guilty plea, and the post-conviction court did not err by concluding the same.

IV. Ineffective Assistance of Trial Counsel

A. Standard of Review

The Sixth Amendment's "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient such that it fell below an objective standard of reasonableness based on prevailing professional norms and (2) the defendant was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 687. When considering whether counsel's performance was deficient, the reviewing court begins with a "strong presumption" that counsel's performance was reasonable. Id. at 689. A defendant is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

When a defendant contests his guilty plea based on claims of ineffective assistance of counsel, we apply the same two-part test from Strickland discussed above. Hill v.

9

Lockhart, 474 U.S. 52, 58-59 (1985). The first part, regarding counsel's performance, is largely the same. Id. The prejudice requirement, however, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The two prongs of the Strickland test—performance and prejudice—are independent inquiries, and both prongs need not be addressed if the defendant makes an insufficient showing as to one of them. 466 U.S. at 697. For instance, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed" without consideration of whether counsel's performance was deficient. Id.

The premise underlying each of Freeman's ineffective assistance of trial counsel claims is that Officer Davis's stop was unlawful. Freeman argues that Counsel provided ineffective assistance when she failed to file a motion to suppress evidence arising from the stop and when she failed to thoroughly investigate his case prior to advising him to plead guilty.

### B. Motion to Suppress

Freeman claims that Counsel was ineffective for failing to file a motion to suppress the evidence proving he resisted law enforcement. Specifically, he argues that Officer Davis unlawfully stopped him because he did not violate Indiana Code section 9-21-8-25 (the "Signal Statute") which requires "[a] signal of intention to turn right or left [to] be

10

given continuously during not less than the last two hundred (200) feet traveled by a vehicle before turning . . . ." Accordingly, he believes Counsel should have filed a motion to suppress all evidence arising out of the stop because it was made in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. See Gyamfi v. State, 15 N.E.3d 1131, 1136 (Ind. Ct. App. 2014) ("The fruit of the poisonous tree doctrine . . . bars the admissibility in a criminal proceeding of evidence obtained in the course of unlawful searches and seizures.") (citation and quotation marks omitted). To succeed on his argument, Freeman must show that the motion, if made, would have been successful. See Moore v. State, 872 N.E.2d 617, 621 (Ind. Ct. App. 2007), trans. denied.

Under either constitutional provision, the stop was lawful. See Potter v. State, 912 N.E.2d 905, 907-08 (Ind. Ct. App. 2009) (under the Fourth Amendment, an officer needs only "reasonable suspicion that a traffic law has been violated or that other criminal activity is taking place" in order to make a valid traffic stop) (quoting Meredith v. State, 906 N.E.2d 867, 869 (Ind. 2009)); Veerkamp v. State, 7 N.E.3d 390, 396 (Ind. Ct. App. 2014) (under Article 1, Section 11, a minor traffic violation is sufficient to give an officer probable cause to stop a vehicle), trans. denied. Officer Davis observed Freeman riding his moped, swerving and almost falling over twice, and he believed that Freeman was impaired. Whether or not Freeman used his turn signal properly, these observations alone were sufficient to give rise to reasonable suspicion. Accordingly, the stop was lawful.[2]

---

[2] We note that Freeman also claims that Officer Davis committed perjury in the arrest report by concluding Freeman violated the Signal Statute without first measuring the distance of Fourth Street. However, Freeman's allegations are founded on his belief that Officer Davis's stop was unlawful. Thus, we do not address that claim.

11

In addition, at the time of Freeman's conviction, "[i]t was well settled that in Indiana, an individual may not flee from a police officer who has ordered the person to stop, regardless of the apparent or ultimate lawfulness of the officer's order." Cole v. State, 878 N.E.2d 882, 886 (Ind. Ct. App. 2007), abrogated by Gaddie v. State, 10 N.E.3d 1249 (Ind. 2014). Thus, even if the initial stop had been unlawful, evidence proving Freeman resisted law enforcement would not have been excluded.

For the foregoing reasons, Indiana law supported Counsel's deliberate decision not to file a motion to suppress, and it would have been futile for her to do so because a motion to suppress would not have been granted. Freeman has not shown that Counsel was ineffective.

### C. Counsel's Investigation

Freeman claims that Counsel incorrectly told him that he violated the Signal Statute, which was the impetus for his guilty plea, before Counsel researched the law and investigated his case. Freeman's argument stems from the letter he received from Counsel dated November 4, 2011—a date subsequent to his guilty plea—which states that Counsel is "at this point, trying to do some research on the issue . . . ." Appellant's App. at 98.

Counsel testified at the post-conviction hearing that before advising Freeman to plead guilty, she had an investigator measure Fourth Street and discovered Freeman did

---

Freeman further claims the State unlawfully suppressed evidence showing that he did not violate the Signal Statute and violated his right to due process by committing a Brady violation. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding suppression by prosecution of evidence favorable to an accused upon request violates Due Process where the evidence is material either to guilt or punishment). Because Officer Davis's stop was lawful, we do not address this claim.

have at least 200 feet in which to signal. She also watched the dash-cam video and observed Freeman use his signal, but "too late." Post-Conviction Transcript at 6. Finally, Counsel testified that notwithstanding the date on the November 4, 2011, letter, she had fully investigated the case and completed her legal research before Freeman's guilty plea hearing. See id. at 10 (Counsel testifying that "there was a thorough investigation of your case prior to you deciding to plead guilty."); id. at 13 (Counsel stating in response to questioning about the date of the letter that "[j]ust because that's the date on the letter I sent you doesn't mean . . . that I investigated something after you pled."). Based on her investigation and understanding of the law, she advised Freeman before he pled guilty that regardless of his compliance with the Signal Statute, he had no authority to flee from Officer Davis. See Appellant's App. at 98 (November 4, 2011 letter stating "Unfortunately, so far, the legal authorities [Counsel has] reviewed have sided with the prosecutor" that Freeman had no right to flee after being stopped). Counsel's advice was supported by Indiana law at the time of Freeman's conviction. See State v. Howell, 782 N.E.2d 1066, 1067-68 (Ind. Ct. App. 2003) (holding that even if traffic stop was unlawful, officer had probable cause to arrest for resisting arrest after the defendant attempted to flee), abrogated by Gaddie v. State, 10 N.E.3d 1249 (Ind. 2014).

In advising Freeman to plead guilty, Counsel took into consideration the fact that evidence showing Freeman resisted law enforcement would not be excluded at trial and that the State had agreed to dismiss the receiving stolen property charge, a Class D felony, in exchange for a guilty plea. See McKnight v. State, 1 N.E.3d 193, 201 (Ind. Ct. App. 2013) (stating that strategic choices made after thorough investigation of law and facts

13

relevant to plausible options are virtually unchallengeable). Because the law unambiguously supported Counsel's advice at the time of Freeman's guilty plea, we cannot say that her performance was deficient such that it fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 686.[3]

## V. Indiana Double Jeopardy Clause

Freeman claims that he was sentenced in violation of the Indiana Double Jeopardy Clause. We note that this claim entails the kind of factual dispute that a post-conviction court is suited for resolving. See Mapp v. State, 770 N.E.2d 332, 334 (Ind. 2002).

Upon pleading guilty, Freeman was convicted of resisting law enforcement as a Class D felony and resisting law enforcement as a Class A misdemeanor. He now claims that because the Class A misdemeanor offense is a lesser included offense of the Class D felony, his sentence violated the Indiana Double Jeopardy Clause. Freeman pled guilty in exchange for the State's dismissal of his third charge, receiving stolen property, a Class D felony. By pleading guilty, Freeman avoided an additional felony conviction. In Mapp, our supreme court held that the defendant waived his right to challenge his convictions on double jeopardy grounds, because the defendant had entered into a plea agreement. 770 N.E.2d at 334. The court reasoned that the defendant benefited by receiving a shorter sentence as the result of the plea. Id. at 335. Just like the defendant in Mapp, Freeman

---

[3] Freeman also claims Counsel was ineffective for failing to memorialize his plea agreement in writing. The validity of the verbal plea was previously raised on direct appeal and decided against Freeman. See Freeman, slip op. at 2. Even if this issue were not precluded from further review, see Ben-Yisrayl, 738 N.E.2d at 258, Freeman could show neither deficient performance nor prejudice.

14

waived his right to challenge his conviction on double jeopardy grounds by entering into a favorable plea.

## VI. Statutory Right of Allocution

Freeman claims that he was denied the statutory right of allocution granted to criminal defendants in Indiana Code section 35-38-1-5. The right of allocution affords criminal defendants an opportunity to make statements on their own behalf before a judge announces a sentence. Freeman believes he was denied the right of allocution because he did not speak at his sentencing hearing. Although the court did not ask Freeman if he wanted to speak at his sentencing hearing, the statutory right of allocution does not require a trial court to make such an offer when a defendant is sentenced after a guilty plea. See Biddinger v. State, 868 N.E.2d 407, 412 (Ind. 2007). Moreover, Freeman did not ask to speak. Therefore, Freeman was not denied the right to allocution provided by Indiana Code section 35-38-1-5. See id.

## Conclusion

Freeman has not shown that the post-conviction court's decision was contrary to the evidence as a whole. Therefore, the post-conviction court did not err in denying Freeman post-conviction relief.

Affirmed.

BAKER, J., and KIRSCH, J., concur.